THE PEOPLE *ex rel.* James S. Hemstreet

*v.*

J. WARREN CRABB *et al.*

*Filed at Springfield April 2, 1895.*

156 155
62a 550

156 155
171 567

156 155
79a 530

156 155
179 446

156 155
180 162

156 155
85a 261

156 155
191 ⁵540

96a ²662

156 155
193 ²580

156 155
194 ²437

156 155
207 ² 99

156 155
210 ¹ 89

156 155
212 ¹491

156 155
215 ² 61

215 ²238

1. MANDAMUS—*office of petition and answer in Illinois.* In Illinois the petition in *mandamus* takes the place of the alternative writ, and the plea or answer takes the place of the return.

2. SAME—*common law rules of pleading apply. Mandamus* is a common law action, and governed by common law rules as to pleading, and every material allegation of the petition not traversed is in law admitted by the defendant.

3. SAME—*effect of neither admitting nor denying petition.* An answer in *mandamus* that defendants neither admit nor deny certain material allegations of the petition, but call upon the relator for proof, is insufficient when questioned by special demurrer; and its effect, if any, is an admission of the truth of such allegations.

4. SAME—*when petition need not aver a candidate's eligibility.* A petition for *mandamus* to compel a city council to provide a mode of drawing lots between candidates for alderman receiving an equal vote, need not allege the eligibility of the opposing candidates.

5. SAME—*when demand on city council need not be shown.* Previous demand is not necessary to authorize *mandamus* proceedings to compel a city council to perform its statutory duty to provide a method of determining a tie vote between two candidates for alderman.

6. PLEADING—*carrying back demurrer—defects which can be reached.* The defect in a declaration to which a demurrer to a subsequent pleading will be carried back must be one for which the judgment should be arrested, and not otherwise.

7. SAME—*petition for mandamus—when allegations in general terms are sufficient.* Failure of a petition for *mandamus* to compel a city council to provide for settling a tie vote between candidates for alderman, to set out the mode in which notice of election was given and the facts in relation to the relator's eligibility, is not such a defect as can be reached by carrying back a demurrer filed to the answer, where such facts are alleged in general terms in the petition.

Original proceeding for *mandamus.*

This was an original proceeding in this court, brought in the name of the People of the State of Illinois, on the relation of James S. Hemstreet, against the members of the city council of the city of Delavan, for a *mandamus.* The petition of the relator is as follows:

"Your petitioner, James S. Hemstreet, of the city of Delavan, county of Tazewell and State of Illinois, complaining, shows:

"That the city of Delavan is organized under the laws of the State of Illinois providing for the organizing of cities and villages, and was so organized more than three years prior to the filing of this petition; that said city of Delavan, in Tazewell county, aforesaid, is divided into three wards, the city council of said city of Delavan being composed of a mayor and six aldermen; that on the 17th day of April, 1894, being the third Tuesday of April, there was held an election in said city of Delavan for the election of aldermen in each ward of said city, as provided by statute in such cases, notice of said election having been given as provided by statute; that at said election your petitioner and Joseph J. Davidson were opposing candidates for the election of alderman in the second ward of said city; that each of said candidates, to-wit, your petitioner and said Davidson, received forty-three votes, being a tie; that it then and there became and was the duty of the mayor and said council of said city to canvass said vote and declare the result, so far as there was an election of aldermen in the several wards of said city, and in case of a tie in the election of any candidates for aldermen in any of the wards of said city, to adopt some fair and reasonable method to determine by lot, in the presence of said city council, which candidate for alderman in said second ward should hold the office.

"Petitioner further represents, that afterwards, on the first day of May, 1894, it being the next regular meeting, after said election, of the city council of said city of Delavan, said council met and canvassed the election returns, and found and declared from such canvass that the total number of votes cast in the first ward was 108, of which O. C. Hall received 57 and A. H. Hardy 51; that the total number of votes cast in the second ward

was 86, of which Joseph J. Davidson received 43 and
your petitioner, James S. Hemstreet, 43; that the total
number of votes cast in the third ward was 107, of which
W. H. Nichol received 74 and S. M. Reinheimer 33; that
thereupon, by the vote of said city council then and there
taken, O. C. Hall was declared elected alderman of the
first ward and W. H. Nichol alderman of the third ward,
and that there was no choice for alderman in the second
ward; that thereupon an alderman of said city, Frank
Starz, moved that the tie in the second ward be decided
by lot, cast in the following manner:   That the clerk
prepare twenty tickets, and number them from one to
twenty, and that each candidate draw five tickets from
a hat, and the one receiving the highest number of totals
of their respective tickets when added, should be entitled
to a seat in the council,—which said motion was then
and there seconded by Frank Phillips, an alderman of
the city; that upon said motion being put to said council
by the mayor of said city, it was declared lost, and that
thereupon it was moved and seconded by an alderman of
said city council that a new election be held in said sec-
ond ward of said city on the 22d day of May, 1894, which
said motion was ruled by the mayor to be out of order;
thereupon it was moved and seconded that said city
council proceed to vote for candidates for alderman for
the second ward, which said motion was declared by the
mayor to be out of order, and thereupon said city council
adjourned.   A certified copy of the record of and pro-
ceedings of said city council at such meeting is hereto
attached.

"Petitioner further shows, that he was, at the time of
said election, a resident of the second ward of said city
of Delavan, a qualified elector in said ward, and eligible
to the office of alderman under the laws of the State of
Illinois; that he was present at said meeting aforesaid,
and then and there demanded that the city council should
adopt some fair method for drawing lots, in their pres-

ence, to determine who was elected alderman in said second ward, as provided by statute in such cases; that said demand and request was then and there refused, and said city council adjourned without giving your petitioner the right conferred upon him by statute in such cases; that said city council have continued hitherto to refuse to allow lots to be drawn for the purpose of determining who should hold said office.

"Petitioner avers that, by virtue of the statute in such cases, he had the lawful right to have it determined, in the presence of the said city council, by lot, whether or not he was entitled to a seat in said council as alderman from the second ward of said city; that by the action of said council petitioner has been denied his right so given him by law in the premises, by means whereof petitioner has been deprived, if he should have been successful in the drawing of lots, from entering upon and exercising the duties of said office of alderman from the second ward of said city, and is unlawfully kept out of said office

"Wherefore petitioner prays for leave to file a petition for, and for a *mandamus*, directed to said J. Warren Crabb, mayor, and Frank Starz, William Nichol, James Taylor, John Perry, Theodore Burbridge and Orlando C. Hall, aldermen of said city of Delavan, and composing said city council of said city, commanding it to forthwith adopt some fair and reasonable method for the drawing of lots in the presence of said city council, and that it then and there procure said lots to be drawn, for the purpose of determining whether your petitioner or said Davidson should hold the office of alderman of said city for the second ward for and during the period of two years, as provided by statute."

Defendants Starz and Nichol answered the petition, admitting each and every allegation thereof, and confessing that there are no reasons known to them why the writ of *mandamus* prayed for in the petition should not be awarded.

The other defendants answered, admitting that the
city of Delavan is organized under the general law of
the State providing for the organization of cities and
villages, and was so organized more than three years
prior to the filing of the petition; also admitting that
the city is divided into wards as in the petition alleged,
and that the city council is composed of a mayor and six
aldermen; also that on the 17th day of April there was
a pretended election held in the city for the election of
aldermen in each ward, but they neither admit nor deny
that the election was held as provided by statute, but
call for strict proof thereof; they deny that notice of the
election was given prior thereto, as provided by statute;
they admit that the petitioner and Davidson were oppos-
ing candidates for election as alderman in the second
ward, and that each received 43 votes, being a tie; they
admit that if the election had been legally held and
notice thereof legally given it was then and there the
duty of the mayor and council of the city to canvass the
vote and declare the result, so far as there was an elec-
tion of aldermen in the several wards of the city, but
deny that in case of a tie it was their duty to adopt some
fair and reasonable method to determine by lot, in the
presence of the city council, which candidate in the sec-
ond ward should hold the office, as alleged in the petition.

They admit that on the first day of May, 1894, that
being the next regular meeting of the city council after
the pretended election, the city council met and can-
vassed the election returns, and found and declared, from
such canvass, that the total number of votes cast in the
first ward was 108, of which O. C. Hall received 57 and
A. R. Hardy 51; that the total number of votes cast in
the second ward was 86, of which Davidson received 43
and the petitioner 43; that the total number of votes
cast in the third ward was 107, of which W. H. Nichol
received 74 and S. M. Reinheimer 33; that thereupon, by
the vote of the city council then and there taken, Hall

was declared elected alderman of the first ward and Nichol alderman of the third ward, as in the petition alleged.

They admit that alderman Frank Starz thereupon moved that the tie in the second ward be decided by lot, cast in the manner alleged in the petition, and that such motion, on being put to the council by the mayor, was declared lost, and that a motion thereupon made and seconded that an election for alderman of the second ward be called to be held May 22, 1894, and also a motion that the council proceed to vote for candidates for alderman of the second ward, were ruled out of order by the mayor, and that the council then adjourned; they deny that the pretended certified copy of the proceedings and records of the city council attached to the petition is a true and correct transcript of the proceedings of the city council at said meeting.

They admit that the petitioner was a resident of the second ward of the city, but are not advised as to whether he is a qualified elector in the ward, and eligible to the office of alderman, under the laws of the State, and therefore neither admit nor deny the same, but call for strict proof thereof; they neither admit nor deny that the petitioner was present at said meeting, but expressly deny that he then and there demanded that the city council should adopt some fair method for drawing lots, in their presence, to determine who was elected alderman in the second ward, as provided by statute; they further deny that such pretended demand was refused, and that the city council adjourned without giving the petitioner the pretended right conferred upon him by statute in such cases; they deny that the city council have continued, from thence hitherto, to refuse to allow lots to be drawn for the purpose of determining who should hold said office, as alleged in the petition.

Further answering, they neither admit nor deny that the petitioner, by virtue of the statute or otherwise, had

the lawful right to have it determined, in the presence of the city council, by lot, whether or not he was entitled to a seat in the city council as alderman from the second ward of the city, but call for strict proof thereof; they expressly deny that the petitioner, by the action of the city council, has been denied his pretended right given him by law, by means of which denial the petitioner, if he should be successful in the drawing of lots, would be prevented from entering and exercising the duties of alderman for the second ward of the city, or that he is unlawfully kept out of said office. The defendants aver that the petitioner, at no time or place, demanded of the city council that it adopt some fair method for drawing lots, in their presence or otherwise, for the purpose of determining who was elected alderman in the second ward, and that no one, for the petitioner or in his behalf, made any such demand prior to the filing of the petition herein of the city council.

They expressly aver that the council, at no time or place prior to the filing of the petition, declined or refused to decide the pretended tie vote as between the petitioner and Davidson, by lot or otherwise; they deny that the pretended transcripts of records of the proceedings of the city council attached to the petition are true and correct transcripts of the proceedings of the city council at the meetings therein mentioned; they neither admit nor deny that Hemstreet, whose affidavit is attached to the petition, is the same Hemstreet who was voted for for alderman in the second ward of the city at the election in question; they neither admit nor deny that on the 23d day of April, 1894, Hemstreet received from the city clerk a notice that the matter would be decided at the next regular meeting of the city council, to be held May 1, 1894, but they expressly deny that the clerk on that day had any legal or lawful authority to deliver any such notice to the petitioner, as at that date there had been no canvass of the votes, and the clerk at

that date did not officially know, and could not know, how many votes were cast in the second ward for alderman or how many votes were received by either of the competing candidates for that office; and they expressly deny that Hemstreet, at the meeting of May 1, demanded that the council proceed to decide the result of the election according to law or otherwise.

To this answer the relator has filed a demurrer, in which he has set out specially numerous grounds of demurrer, and the cause is now submitted for decision upon the demurrer.

E. D. BLINN, for petitioner :

The statute makes it the duty of a city council to provide some method to have lots drawn in their presence, where there is a tie in the election of city officers. Starr & Curtis' Stat. chap. 24, sec. 59.

The petition for *mandamus* takes the place of the alternative writ, and is governed by the same rules of pleading as are applicable to declarations in other cases at law. *People ex rel.* v. *Railroad Co.* 70 Ill. 233.

The facts relied upon to avoid the issuing of the writ must be pleaded, and not the conclusion of the pleader. *People ex rel.* v. *Ohio Grove Township*, 51 Ill. 195.

Greater certainty is required in the return than in a plea in bar, and every intendment is taken against a return which does not answer important facts. Tapping on Mandamus, 352, 370 ; Moses on Mandamus, 210 ; *People* v. *Kilduff*, 15 Ill. 492.

Where the duty imposed is a public duty, no demand is necessary, nor to show that there was a refusal. In such cases the law is a demand, and the failure to perform the duty enjoined by law is a refusal. High on Ex. Legal Rem. p. 14, sec. 13 ; p. 304, sec. 431; *Town of Ottawa* v. *People ex rel.* 48 Ill. 233 ; *Hall* v. *People ex rel.* 57 id. 307; *People ex rel.* v. *Board of Education*, 127 id. 625.

Where it is attempted to have the demurrer carried back to an alleged defective pleading in the petition, the defect in pleading must be the absence of some essential allegation, and not that what is pleaded is not well pleaded. 1 Chitty's Pl. (9th ed.) 668; id. (7th ed.) 710; *Canal Trustees v. People*, 12 Ill. 254; *McFadden v. Fortier*, 20 id. 515; 2 Tidd's Practice, (4th Am. ed.) 918, 919; Gould's Pl. sec. 13, chap. 10, p. 496.

Where a demurrer to a plea or answer is carried back to the original pleading, it is like a motion in arrest of judgment. Only matters of substance can be questioned. *Matson v. Swanson*, 131 Ill. 263.

T. N. GREEN, and BEACH & HODNETT, for defendants:

To entitle a party to a writ of *mandamus*, every material fact necessary to show a legal obligation to do and perform the act required must be averred in the petition. *People ex rel. v. Madison County*, 125 Ill. 334; *Hall v. People ex rel.* 57 id. 307; *People v. City of Elgin*, 66 id. 507; *People ex rel. v. Village of Crotty*, 93 id. 180.

The city council is the judge of the election and qualification of its own members. 1 Starr & Curtis' Stat. sec. 35, p. 458; *People v. Metzger*, 47 Cal. 524; Brightly's Leading Cases on Elections, 651; *Commonwealth v. Leach*, 44 Pa. St. 332; *Commonwealth v. Garregues*, 28 id. 9.

A demurrer to the answer will be carried back to the petition. *Canal Trustees v. People*, 12 Ill. 248; High on Ex. Legal Rem. sec. 493.

The petition must show a clear right to have the thing done that is asked, and must show every material fact necessary to show a legal duty of the respondent to do the thing demanded. *North v. Trustees*, 137 Ill. 301; *People v. Davis*, 39 Ill. App. 164; *Swigert v. Hamilton County*, 130 Ill. 549.

Where the alternative writ does not state a *prima facie* case, a demurrer to the return thereto will have the operation of a demurrer to the writ, and will bring in question its sufficiency. High on Ex. Legal Rem. part 1, chap. 7.

Where the relator traverses the return to the alternative writ, and this traverse is demurred to, it is open to the respondent to reply upon any insufficiency in the writ in support of his demurrer. *State* v. *McArthur*, 23 Wis. 427; *Bank* v. *Canal Comrs.* 10 Wend. 26; *People* v. *Ransome*, 2 N. Y. 490; *Clark* v. *Canal Co.* 6 A. & E. 898.

Mr. JUSTICE BAILEY delivered the opinion of the court:

Article 5 of the "Act to provide for the incorporation of cities and villages," prescribes the time and manner of holding elections for city and village officers, and section 11 of that article is as follows: "The person having the highest number of votes for any office shall be declared elected. In case of a tie in the election of any city or village officer, it shall be determined by lot, in the presence of the city council or board of trustees, in such manner as they shall direct, which candidate or candidates shall hold the office." (1 Starr & Cur. Stat. 462.) The petition in this case is brought by the relator to compel the performance on the part of the defendants, composing the city council of the city of Delavan, of the duty prescribed by this statute.

The first question presented by the special demurrer is, whether the pleading on the part of the defendants is a sufficient answer, both in form and substance, to the case made by the petition. In determining this question it may be useful to advert for a moment to some of the rules governing pleadings in cases of this character. Under our practice the petition in *mandamus* takes the place of the alternative writ, and the plea or answer takes the place of the return thereto. (*Chicago and Alton Railroad Co.* v. *Suffern*, 129 Ill. 274; *Highway Comrs.* v. *Gibson*, 7 Ill. App. 231.) A *mandamus* proceeding is an action at law, and it is therefore governed by the same rules of pleading that are applicable to other actions at law. (Rev. Stat. chap. 87, sec. 1; id. chap. 110, sec. 11; *Dement* v. *Rokker*, 126 Ill. 174.) The party applying for the writ

must, by his petition, show a clear legal right to have the thing asked for done, and that it is the clear legal duty of the party sought to be coerced to do the thing he is called upon to do, and by the answer every material allegation contained in the petition must, if it be intended to contradict them, be traversed. Such of the material allegations of the petition as are not denied or traversed by the defendants' pleading are, in contemplation of law, admitted by the defendants to be true. *Chicago and Alton Railroad Co.* v. *Suffern, supra.*

In view of these rules, it is clear that the answer fails to properly put in issue many of the material allegations of the petition. The defendants answer that they neither admit nor deny them, but call upon the relator for proof. This is a mode of pleading unknown to the common law, and when called in question, as it is here, by special demurrer, must be held to be wholly defective and insufficient. If any effect at all is to be given to it, it must be that of an admission of the truth of all the allegations of the petition sought to be answered in that way. It is an elementary rule of pleading at law, that whatever is not traversed or denied is, by implication, admitted. This rule, as we have already seen, is applicable to a defendant's answer in cases of *mandamus,* and it is also a general rule applicable to all common law pleadings. In Gould on Pleadings it is laid down as follows: "Each party tacitly admits all such traversable allegations on the opposite side as he does not traverse, for, as each party is allowed to deny in some form all material facts alleged against him, the omission by either party to traverse any such fact alleged by his adversary is justly considered an admission of it." (Gould's Pl. 141.) It is difficult to see how the defendants in this case, after expressly declining to deny the various allegations above referred to, can take any benefit from their declination to admit their truth. The admission of their truth follows, as a legal conclusion, from the defendants' failure

to traverse them, and such conclusion is not obviated by a protestation on the part of the defendants that their truth is not admitted.

Without going into a more complete analysis of the answer, it is sufficient to say, that in addition to the many portions of it in which, by refusing to admit or deny the petition, there is, in legal effect, a refusal to answer at all, some of the allegations of the answer are evasive, some involve negatives pregnant, and some state mere conclusions of law, and it is therefore impossible, as against a special demurrer pointing out these defects in pleading, to hold the answer sufficient.

Counsel for the defendants admit, at least tacitly, that their answer is defective, but they insist that the demurrer should be carried back and sustained to the petition. It is a general rule of pleading that a demurrer, at whatever stage it is interposed, reaches back in its effect through the whole record, and attaches ultimately to the first *substantial* defect in the pleadings, on whichsoever side it may have occurred, defects in substance not being aided by the adverse party's mere pleading over, as formal defects are. (Gould's Pl. 441; 1 Chitty's Pl. 668.) A demurrer may be carried back to the declaration, where that pleading is so defective that judgment upon it would be arrested. (*McFadden* v. *Fortier*, 20 Ill. 509.) The rule would seem to be, that the defect in a declaration to which the demurrer will be carried back must be one for which the judgment should be arrested, and not otherwise.

The petition doubtless might ·have set out certain matters more in detail, but we are disposed to hold that it is good in substance, and that the demurrer, therefore, ought not to be carried back. Among the defects insisted upon are its failure to set out with greater particularity the mode in which notice of the election was given, and also the facts in relation to the relator's eligibility as a candidate for the office of alderman. The

fact that notice of the election was given, and that the relator was eligible to be elected to and hold the office, were both alleged in general terms, and we are inclined to hold that, as against a motion in arrest of judgment, such allegations are sufficient.

It is urged that the petition is faulty in failing to allege the eligibility of Davidson to be a candidate for the office of alderman. This, we think, was unnecessary. The relator's legal right to have the tie determined, and to be admitted to the office if it should be determined in his favor, cannot depend upon the eligibility of the opposing candidate. With that question the relator, in seeking to have the tie determined, had nothing whatever to do. It is true the city council is constituted, by law, the judge of the election and qualifications of its own members, and that Davidson, if not eligible, would, presumably, have been refused his seat even if the tie were determined in his favor. But that fact had no bearing upon the relator's right to have the tie determined, so that, if determined in his favor, he might be admitted to his seat in the council. Moreover, the council, in canvassing the returns of the election, declaring the election of the candidates who have received a majority of the votes, and in determining the tie where one is found to exist, was not exercising its power to judge of the election and qualifications of its members. It was performing the functions of a canvassing board, and nothing more. Nor was the council then vested with power to determine the election and qualifications of the aldermen chosen at that election. Judgment upon those questions was committed to the new city council, in which the aldermen then elected were entitled to seats, and the out-going council, composed in part of those whose terms of office were about to expire, had nothing to do with those questions. It was the statutory duty of the council then in existence to canvass the returns, declare who was elected upon the face of the returns, and in case of

a tie to provide for its determination by lot. It was doubtless incumbent upon the relator to allege his own qualifications for the office, for the purpose of showing a clear right to compel the action of the council in the premises; but he was not called upon to make any showing as to the qualifications of the opposing candidate.

The petition alleges a demand by the relator upon the city council to proceed to have the tie determined by lot, and a refusal by the council. The answer denies that any such demand was made. If it be assumed that this part of the answer may stand while the residue of it is subject to the special demurrer, (a matter which we need not decide,) the question arises whether the allegation of a demand is material and essential to the relator's right to a peremptory *mandamus*, for if it is, so long as the allegation of a demand is traversed the relator can not have his writ without proof of his allegation in that respect.

The petition is brought, not merely for the assertion of a private right, but for the assertion of a right and to compel the performance of a duty in which the public has an interest. Under these circumstances it is not essential that previous demand should be made upon the city council to perform its statutory duty. This is settled by the case of *People* v. *Board of Education*, 127 Ill. 613, and the authorities there cited.

We see no ground for carrying the demurrer back to the petition, and it must be sustained to the answer. The duty sought to be enforced is mandatory, and not discretionary, and upon the present record it is the right of the relator that its performance be enforced. According to the uniform practice in this court in original suits, upon the decision of an issue, either of law or fact, final judgment must be pronounced. That judgment in this case must be, that a peremptory writ of *mandamus* be awarded in accordance with the prayer of the petition.

*Peremptory mandamus awarded.*