## Frank S. Allen v. James G. Patterson.

1. CONTESTED ELECTIONS—*In Case of a Tie—Duty of the City Council.*—In case of a tie in the election of a city or village officer, it should be determined by lot, in presence of the city council or board of trustees, in such a manner as they shall direct, which candidate shall hold the office, and until this is done and the tie determined, neither candidate has a right to the office or its emoluments as against the other.

2. SAME—*Proceedings by Quo Warranto.*—A proceeding by quo warranto is not an election contest between contesting candidates, and where the sitting candidate is ousted by such proceedings it does not adjudge the right to the office to his opponent.

3. SAME—*Effect of a Determination by the City Council.*—The determination of an election contest before the city council in favor of one candidate, extinguishes the *prima facie* title of his opponent, held by virtue of the action of the election officers and of the council, as a canvassing board, declaring him elected.

Assumpsit, for the emoluments of an office.    Appeal from the Circuit Court of Will County; the Hon. ROBERT W. HILSCHER, Judge, presiding. Heard in this court at the May term, 1899.    Affirmed.    Opinion filed October 12, 1899.

HILL, HAVEN & HILL, attorneys for appellant, contended that the proclamation of the judges of election, stating the number of votes received by each of the candidates, and the office for which he is designated, is *prima facie* evidence of the result of such election.    2 Starr & Curtis' St., 1690; Catron v. Craw, 164 Ill. 20; Dooley v. Van Hohenstein, 170 Ill. 630.

The decision of a city council in a contested election case, in seating a contestant and unseating the contestee for the office of alderman, is not in this State final and conclusive as to the right of the contestant or contestee to the office. McCreary on Election, Sec. 380; Dillon on Mun. Corp., 4th Ed., Sec. 202, Old Ed., Sec. 141; The State ex rel. Anderton v. Kempf, 69 Wis. 471; People v. Jones, 20 Cal. 53; People v. Holden, 28 Cal. 129; Snowball v. The People, 147 Ill. 260; Patterson v. The People, 65 Ill. App. 651.

A judgment in quo warranto is conclusive on the defendant in any case in which the same question may collaterally arise.    Waterman v. C. & I. R. R. Co., 139 Ill. 658.

A contest before a city council is not a judicial proceeding, and its finding is not a judgment.    Keating v. Stack, 116 Ill. 191.

The decision of a board or other non-judicial tribunal is only *prima facie* evidence of the correctness of its finding, except in a case where such finding is made conclusive, and that can not be done in cases where quo warranto is a proper

remedy under the constitution and laws of this State.    Town of Kankakee v. McGrew, 178 Ill. 75.

Under sections 10 and 11 of article 4 of the Cities and Villages act, the result of an election can be determined by lot only in cases where the returns made by the judges of election show a tie vote.    The People v. Crabb, 156 Ill. 155.

By the common law and the weight of authority in the United States, a *de jure* officer has a right of action to recover against an officer *de facto* by reason of the intrusion of the latter into the office, and his receipt of the emoluments thereof.    Kreitz v. Behrensmeyer, 149 Ill. 496; Mayfield v. Moore, 53 Ill. 431; Farwell v. Adams, 112 Ill. 58; Waterman v. C. & I. R. R., 139 Ill. 669.

GEORGE S. HOUSE and JOHN D'ARCY, attorneys for appellee.

Section 34, chapter 24, R. S., relating to cities and villages, declares : " The city council shall be judge of the election and qualification of its own members."    In construing that section, our Supreme Court holds that in an election contest between two persons for the office of alderman, the city council has exclusive jurisdiction.    Linegar v. Rittenhouse, 94 Ill. 208; Keating v. Stack, 116 Ill. 191.    There is a distinction between an election contest, where two persons claim the same office, and a proceeding by quo warranto to determine whether one exercising the functions of an office is a usurper.    The former is a contest between two individuals over a disputed right.    The latter is an inquiry in the name of the people, in their sovereign capacity, for the purpose of testing the authority of one holding an office.

One is a remedy granted by the legislature to an elector in his individual capacity.    The other belongs to the people of the State in the right of their sovereignty, and is in no manner impaired by the statutes granting to electors, in their individual capacity, the right to contest. Snowball v. The People ex rel., etc., 147 Ill. 266; People v. Holden, 28 Cal. 123.

Allen v. Patterson.

MR. JUSTICE DIBELL delivered the opinion of the court.

Allen brought this action of assumpsit against Patterson to recover the sum Patterson received from the city of Joliet, as compensation for his services, while acting as alderman of the fifth ward of said city. The pleadings were the common counts and the general issue. Jury was waived. The case was tried upon an agreed state of facts. The court found for defendant and plaintiff appeals.

The city of Joliet is organized under the general law for the incorporation of cities, and has seven wards. At the municipal election in April, 1894, Allen and Patterson were rival candidates for the office of alderman of the fifth ward of said city. At the close of the election the judges of election in that ward, made proclamation that Allen was elected. They made a return of said election, showing that Allen received 230 votes and that Patterson received 228 votes, and that Allen was elected. Two days later the city council canvassed the returns, and declared Allen elected. Allen then took the oath of office, and entered upon the discharge of his duties as alderman of said ward, and sat in the city council as alderman. Thereafter, Patterson contested Allen's election before the city council. Under the direction of the city council proofs were taken by depositions by both parties. On June 18, 1894, the city council decided the contest in favor of Patterson and declared that Patterson was elected alderman of the fifth ward at said election. Patterson thereupon took the oath of office, entered upon the discharge of his duties as alderman of said ward, and continued to hold the office and perform its duties till a successor was elected at the municipal election in the spring of 1896, and thereafter qualified. During that time Patterson received $331.50 from the city as compensation for his services as such alderman.

On July 10, 1894, by leave of court, Allen, as relator, filed an information in the name of the people against Patterson, in the Circuit Court of Will County, charging that Patterson unlawfully held and usurped the office of alderman of the city of Joliet, from the fifth ward thereof. On July

15, 1895, that court entered final judgment in said cause, to the effect that Patterson be and thereby was ousted, removed and discontinued from said office of alderman from the fifth ward of the city of Joliet, and fined one dollar for usurping and intruding into and unlawfully holding and executing said office of alderman. Patterson appealed to this court, where the judgment was affirmed on June 1, 1896. The opinion there filed (Patterson v. The People, 65 Ill. App. 651) shows that the Circuit Court found that Allen and Patterson each received 227 legal votes, and that the Appellate Court reached the same conclusion. Patterson appealed therefrom to the Supreme Court, and it is stipulated that there the judgments of the Circuit and Appellate Courts were affirmed. We are not referred to any opinion rendered in the case by the Supreme Court, nor has any such opinion come to our notice. By the time this result was reached the term of the office had expired, and a successor had been elected and had qualified. Allen then brought this suit to recover from Patterson the compensation the latter had received, while he held the office. Allen claims that as Patterson was adjudged a usurper, and the judgment of ouster was rendered against Patterson, he (Allen) then became entitled to the office by virtue of the original proclamation and return of the election officers and the original action of the council canvassing said returns, declaring him elected, and inducting him into the office. If we are to treat the conclusion reached by the Circuit and Appellate Courts that Allen and Patterson each received the same number of legal votes, as binding upon the parties here, then neither party by that fact alone became entitled to the office; but before either was entitled to the office the tie must be determined in some legal manner, and the party succeeding in the determination of the tie, would then be entitled to the office. Section 11 of article 4 of the general act for the incorporation of cities enacts :

"In case of a tie in the election of any city or village officer, it shall be determined by lot, in presence of the city council or board of trustees, in such manner as they shall direct, which candidate or candidates shall hold the office."

This duty originally devolves upon the retiring council, when canvassing the returns, and if the election officers had made a return of a tie, as the opinion of this court above cited shows they should have done, it would have been the duty of the retiring council to determine by lot whether Allen or Patterson should hold the office. But the case of The People v. Crabb, 156 Ill. 155, holds that if the retiring council does not perform that duty, the succeeding council must, and can be compelled by mandamus to determine by lot which shall hold the office. If, therefore, in the present case, the city council in hearing the contest had decided that Allen and Patterson had each received 227 votes, as from the former opinion of this court it appears was the fact, it should have proceeded to cast lots between the parties. If the council had reached the conclusion that the vote was a tie, that would have given Allen, the sitting member, no right to the office, and no advantage over Patterson. The previous canvass of the face of the returns, and determination therefrom that Allen was elected, did not entitle him to the office, after a tie was ascertained. If Allen had thereafter remained in the office Patterson could equally well have had him ousted by quo warranto. If the council had determined either Allen or Patterson should have the office, without casting lots, the other could, by mandamus, have compelled the council to cast lots. If the decision of the Circuit and Appellate Courts and final affirmance of the judgment had been reached before the expiration of the term of the office, the duty of the city council to determine by lot who should hold the office could have been compelled in like manner. The tie was never determined between these parties, and therefore neither had a right to the office or its emoluments, as against the other.

But the Appellate Court made no finding of facts, and the evidence does not show how many votes the Circuit Court found each candidate received, and does not show the result was a tie; and it is argued here by Allen that the opinion of the Appellate Court is not evidence of the facts stated therein, and that we have no right to look to it to ascertain

what the facts were, and that therefore the record before us does not show the vote was a tie. Without determining to what extent we must shut our eyes to our former opinion, we will further consider the case as if this position were well taken. The proceeding by quo warranto was not an election contest between Allen and Patterson. It ousted Patterson, but did not and could not adjudge the right to the office to Allen. (Snowball v. The People, 147 Ill. 260.) If the court found that Allen was elected, or that the vote was a tie and that the tie had not been determined by lot, then it was its duty to oust Patterson. The judgment of the court in the quo warranto case is capable of being supported, either on the ground that Allen was elected, or that the vote was a tie and that the tie had not been determined by lot. The record proper of the Circuit and Appellate Courts does not reveal which of these conclusions produced the judgment. Therefore the introduction of the judgment in evidence does not determine whether Allen was elected, or whether the vote was a tie, and the tie not disposed of by lot. If the council had seated Allen after the judgment in quo warranto, that judgment could not have been a bar to a suit against Allen in quo warranto on the relation of Patterson or any other citizen, and such relator would not have been estopped by the former judgment from showing the vote a tie, in which case judgment of ouster would have followed against Allen. The determination of the contest before the city council in favor of Patterson wiped out the *prima facie* title Allen previously held by virtue of the action of the election officers and of the council as a canvassing board. The judgment in quo warranto practically nullified the subsequent decision of the council that Patterson was elected, but it could not have the further effect of reinstating Allen in his title, because it was not necessary to the judgment in quo warranto that it should have been determined by the court that Allen was elected; but said judgment was equally valid if the court found the vote a tie, and that the tie had not been determined by lot. Therefore we are of opinion Allen has not shown title to

Allen v. Patterson.

the office.    Hence he has not shown a right to the compen-
sation.

We disapprove some of the rulings of the trial court upon
propositions of law, but are of opinion that if the questions
presented by said propositions had all been correctly deter-
mined, still the judgment must have been for defendant.
We therefore think it unnecessary to discuss said proposi-
tions.    The judgment is affirmed.