# William C. Clingen, Charles H. Newman and Emil Feldman, trading as Clingen Curtain System, Appellees, v. Carter H. Harrison, Mayor, William H. Sexton and James Gleason, Appellants.

## Gen. No. 20,815.

1. MANDAMUS, § 1*—*when injunctional order not to be included in.* Mandamus and injunction cannot be granted in the same order nor in the same cause.

2. MANDAMUS, § 1*—*how distinguished from injunction.* The writ of mandamus commands a thing to be done; the writ of injunction restrains the doing of an act; mandamus is a legal civil proceeding; the remedy by injunction is solely equitable.

3. MANDAMUS, § 177*—*when order objectionable as including injunctional order.* An order of mandamus directing a municipal officer to issue a permit of a motion picture which also provides that "to give full effect and force to the process and mandamus of this court, you and your agents, servants and employees and agents, servants and employees of the City of Chicago and the successor in office to you, are hereby restrained and commanded to refrain from

*See **Illinois Notes Digest,** Vols. **XI** to **XV,** and **Cumulative Quarterly,** same topic and section number.

interference in the exhibition of the films aforesaid until the further order of this court," is objectionable as including injunctional provisions.

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1914. Reversed. Opinion filed November 1, 1915.

WILLIAM H. SEXTON, for appellants; MAX M. KORSHAK and GEORGE L. REKER, of counsel.

No appearance for appellees.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The Circuit Court awarded a writ of mandamus in this case against James Gleason as General Superintendent of Police of the City of Chicago, directing him to issue a permit for the exhibition of a motion picture called "Magda, A Modern Madam X." To the mandamus part of the order appellants do not complain. They do, however, complain against that part of the order which is in its terms injunctional, and they moved the trial court to expunge it from the order, which motion being denied, appellants prosecute this appeal.

That part of the order said to be erroneous is encompassed within the following words: "And to give full effect and force to the process and mandamus of this court, you and your agents, servants and employees and agents, servants and employees of the City of Chicago and the successor in office to you, are hereby restrained and commanded to refrain from interference in the exhibition of the films aforesaid until the further order of this court."

The part of the so-called mandamus order recited above is in its essence and purport injunctional. It is the rule in this and other jurisdictions, where the distinction between law and equity jurisdiction obtains, that mandamus and injunction cannot be granted in the same order or in the same cause. These actions

Clingen et al. v. Harrison et al., 195 Ill. App. 301.

are separate and distinct both in their essence and operation. The writ of mandamus commands a thing to be done, while the writ of injunction restrains the doing of acts or things. Each is foreign to the other and has its separate and distinctive functions. The remedy by mandamus has no equitable function. It is a legal civil proceeding. The remedy by injunction is solely equitable and is jurisdictional in a court of equity and in no other forum. The text writers, such as Merrill on Mandamus and High on Extraordinary Legal Remedies, are in accord on this proposition, and our own Supreme Court has adhered to the same doctrine. In *People v. Crabb,* 156 Ill. 155, it was directly held that a mandamus proceeding is an action at law and is governed by the same rules of pleading that are applicable to other actions at law. In *Fletcher v. Tuttle,* 151 Ill. 41, it was held that "where the established distinctions between equity and common-law jurisdiction are observed, injunction and mandamus are not correlative remedies"; and in volume 13, Encyc. of Pl. and Pr., 491, it is stated, with ample supporting authority, that in nearly all the States mandamus is considered a common-law remedy and is held to have no connection with equitable jurisdiction, and it is also held that the procedure in equity is not applicable.

The order appealed from being erroneous in the particulars above pointed out, the judgment of the Circuit Court is reversed, and as the mandatory part of the injunction is at this time a moot question, the cause is not remanded.

*Reversed.*