The People of the State of Illinois ex rel. John Moroney, Appellee, v. James P. Allman, Appellant.

Gen. No. 37,106.

Opinion filed January 15, 1934.

WILLIAM H. SEXTON, Corporation Counsel, for appellant; OTTO F. WEINER and WILLIAM V. DALY, Assistant Corporation Counsel, of counsel.

JOHNTRY & FITZGERALD, for appellee; JOHN H. JOHNTRY, JOHN O'C. FITZGERALD and GEORGE F. ORT, of counsel.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

On May 3, 1933, Moroney filed a petition in the superior court of Cook county, praying a rule on defendant commissioner of police of the City of Chicago, to show cause why he should not be punished for contempt for disregard of an order of court previously

entered in an action in mandamus. The action in mandamus was brought by Moroney to compel the officials of the city to issue a renewal license for a place of amusement conducted by him. The judgment was in his favor and defendants appealed from the judgment entered. The record was filed in this court May 1, 1933. The appeal is now pending in the Third Division of this court—*People ex rel. Moroney v. Allman* [275 Ill. App. — (Abst.)]. The judgment of the superior court in that proceeding directed not only that a renewal license should issue forthwith but also by way of injunction directed ''that the respondents refrain from molesting the petitioner in and about his management and conduct of said business of public place of amusement.''

For alleged disregard of this order a rule to show cause was entered against respondent upon petition of Moroney filed May 3rd. The court heard the evidence without formal answer (the interested parties agreeing and the court consenting that respondent should have the full advantage and benefit of any and all defenses without the formality of pleading). The court found that respondent had disregarded and disobeyed the order by causing the arrest of Moroney for conducting his place without a license, and by causing his subordinate officers to surround the premises and refuse admittance to patrons and other persons.

The court found respondent guilty and imposed a fine of $50, and from that judgment this appeal has been perfected by respondent.

Respondent contends that the order must be reversed on the authority of *Clingen v. Harrison*, 195 Ill. App. 301. In that case the circuit court awarded a writ of mandamus against the general superintendent of police to issue a permit for the exhibition of a

motion picture. An injunctional order was included in the judgment as follows:

"And to give full effect and force to the process and mandamus of this court, you and your agents, servants and employees and agents, servants and employees of the City of Chicago and the successor in office to you, are hereby restrained and commanded to refrain from interference in the exhibition of the films aforesaid until the further order of this court." The respondent appealed. This court in its opinion pointed out the fundamental distinction between the writ of mandamus and the writ of injunction, stating that the remedy by injunction was solely equitable, while an action for mandamus was distinctively an action at law, and citing *Fletcher v. Tuttle,* 151 Ill. 41; *People v. Crabb,* 156 Ill. 155, and 13 Ency. of Pl. & Pr. 491, reversed the judgment, holding that the law court was without jurisdiction to enter the injunction order.

Relator contends that this case has been overruled by the later case of *People v. David,* 328 Ill. 230. In that case one Rohm sued in mandamus to compel the city officials to recognize his position as first assistant superintendent of streets. The city had passed an ordinance abolishing that position and creating the supposed office of deputy superintendent of streets with the same duties as those performed by the assistant superintendent. Rohm was a civil service employee. The cause was heard upon the petition and answer. The court found that the two offices were in fact and in law the same; that Rohm, petitioner, was the lawful incumbent and entitled to the writ of mandamus. It was ordered that the writ issue. The city and its officials prayed an appeal, which was allowed with the following condition: "Provided, however, the petitioner, pending the determination of such appeal, is to hold the position of first assistant

superintendent of streets of the City of Chicago until the further order of the said Appellate Court.'' After the appeal had been perfected the city filed a petition in the Appellate Court praying that the trial judge might be compelled to expunge the proviso from the order of appeal. A demurrer to this petition was filed, and the city made a motion that the demurrer be over-ruled and a rule of *respondeat ouster* issue. The motion was denied, the demurrer overruled and a mandamus issued from the Appellate Court for the reason that the trial judge was without authority to insert in the order awarding the writ the provision above quoted. The trial judge sued out a writ of error in the Supreme Court. The Supreme Court reached the same conclusion as the Appellate Court, and held that the trial judge was without authority to impose any conditions or limitations on an order permitting an appeal except such as were prescribed by law and the statute; that the appeal operated as a supersedeas; that the appeal did not undo what was already done; that ''the trial court retains jurisdiction to preserve the existing status.'' The order of the Appellate Court was declared unnecessary and reversed for that reason.

In this case Moroney testified positively that when his original petition for mandamus was filed and con-tinuously to the time judgment was entered, the tavern conducted by him was closed. The preservation of the status therefore required that it should remain closed, and the trial court was without right or power to pun-ish respondent for acts tending to preserve the status pending the appeal. *Moroney v. Allman,* 271 Ill. App. 336.

The purpose of the petition for mandamus was to establish the right of petitioner to reopen his place of business. He obtained such an order, but the appeal suspended the enforcement of it. Thus, the *status quo*

was maintained. No injunction was necessary or proper for that purpose. As respondent suggests, from that standpoint the injunctional order was wholly superfluous, while so far as the order assumed to authorize petitioner to reopen and operate without a license, its effect would be to destroy rather than to preserve the status. The bill in the injunction case was based on the theory that the place was continuously kept open and the allegations were on the hearing admitted to be true.

The law court was without jurisdiction to enter such an order, and the judgment for contempt based thereon therefore cannot stand. For the reasons indicated it is reversed.

*Reversed.*

O'CONNOR and McSURELY, JJ., concur.