## County of Rock Island v. Union Printing Company.

1. PLEADING—*In Declaring on a Liability Arising under a Statute, the Statute May be Followed.*—In a suit against a county to recover the price of publishing a list of nominations for office, as required by sections 2 and 19 of the ballot law, the declaration was demurred to on the ground that it did not show who were the judges of election ordering the publication. *Held*, that as the declaration followed the statute in the respect referred to it must be sustained.

Assumpsit, for the price of publishing a list of nominations for office. Appeal from the County Court of Rock Island County; the Hon. HIRAM BIGELOW, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed September 20, 1897.

C. J. SEARLE, attorney for appellant.

W. H. GEST, attorney for appellee.

MR. JUSTICE WRIGHT DELIVERED THE OPINION OF THE COURT.

This was an action of assumpsit against the appellant by

the appellee to recover the price of publishing, in the newspaper of the latter, a list of all nominations made for office to be voted for in said Rock Island county, at the election held in November, 1894, as required by sections 2 and 19 of the act commonly known as the ballot law. The declaration avers the list of nominations was so published by the request and direction of judges of election, in said county.

A general demurrer to the declaration was by the court overruled, and appellant standing by its demurrer, judgment was rendered against it for $100, from which this appeal is prosecuted.

In his argument, counsel for appellant insists that from the declaration, it can not be known who are the judges of election referred to in the declaration; whether the judges of one precinct, or the judges in all the county; and therefore, in this condition of uncertainty, the declaration must necessarily be bad on demurrer. The answer to this, however, is that the declaration follows the statute in this respect, and if the declaration is uncertain so is the statute; the declaration means the same as the statute. But the demurrer admits the declaration, if the facts are well pleaded, and inasmuch as the statute is followed, we can not say they are not; and with such admission, follow the conditions of the statute imposing a legal liability against the appellant to pay the expense of publishing the list of nominations; and the question argued does not arise in the case. Had the general issue been interposed to the declaration, an issue of both law and fact would then have arisen, imposing on the court the duty of determining the question argued as one of fact.

Perceiving no error in the record, the judgment of the Circuit Court will be affirmed.