## Commissioners of Lake Fork Special Drainage District v. Joseph H. Biggs.

BRIDGE—*duty of drainage district to construct.* Where a drainage district pursuant to statute enlarges a natural channel, rendering impassable without a bridge what was before passable, the duty is imposed upon the district to construct a bridge over such channel.

240    APPELLATE COURTS OF ILLINOIS.

VOL. 134.]    Comrs. Lake Fork Drainage District v. Biggs.

*Mandamus.* Appeal from the Circuit Court of Piatt county; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the November term, 1906. Affirmed. Opinion filed June 1, 1907.

REED & REED, for appellants.

M. R. DAVIDSON and W. G. CLOYD, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

Appellee filed his petition for *mandamus* to compel appellants to construct a bridge across the natural channel of a stream flowing through appellee's land. A demurrer to the petition interposed by appellants was overruled by the court, appellants elected to abide their demurrer, and a peremptory writ of *mandamus* was awarded.

The petition alleges that appellee is the owner of certain described real estate lying within the boundary of Drainage District No. 7 in Unity township, Piatt county; that on or about March 16, 1905, appellants having found and determined that the main ditch or drain of the system of drainage of the Lake Fork Special Drainage District did not afford suitable and proper outlet for the waters of said district, determined that it would be necessary to clear and enlarge the natural channel of the Lake Fork of Okaw, lying beyond the boundaries of said drainage district; that said natural channel, above mentioned, passed over the land of appellee and was embraced within the boundaries of said drainage district No. 7; that on September 12, 1890, the then owner of appellee's land conveyed to the commissioners of said drainage district No. 7 a right of way 100 feet wide in said natural channel for the construction and repair of a certain drain or ditch therein across the land of appellee; that on March 16, 1905, appellants entered into a written agreement with the commissioners of said drainage district No. 7, whereby in consideration of the benefits to be derived by the lands in said district No.

7, and the further consideration that no benefits should be assessed against said district and of one dollar, the said commissioners of district No. 7 granted to appellants the privilege to enter upon the right of way in said natural channel and to clear and enlarge said natural channel; and whereby, in further consideration of the premises, appellants agreed that if under the law in relation to drainage any further burdens should be cast upon them in consequence of the clearing and enlarging of the said natural channel they would fully discharge the same.

The petition further alleges that in pursuance of said agreement appellants cleared and enlarged said natural channel with the object and for the purpose of providing a sufficient outlet for the waters of said Lake Fork Special Drainage District; that the land of appellee is farming land and lies upon each side of said natural channel where the same was cleared and enlarged; that prior to the clearing and enlarging of said natural channel by appellants appellee could farm his land across said natural channel without trouble, but that since said natural channel has been cleared and enlarged he cannot cross the same without a bridge, and that a bridge across the same is necessary to secure to him the use of his said land. The petition alleges a demand by appellee upon appellants to construct a necessary bridge across said channel and that appellants refused so to do.

By section 41 of the Farm Drainage Act (Hurd's Stat. 1905, 810) it is provided: "After the completion of the work, the commissioners shall thereafter keep the same in repair, and if they find by reason of error in locating or constructing the ditches, or any of them, or from other causes, the lands of the district are not drained or protected as contemplated, or some of them receive partial or no benefit, they shall use the corporate funds of the district to carry out the original purpose, to the end that all lands, so far as

242　　APPELLATE COURTS OF ILLINOIS.

VOL. 134.]　Comrs. Lake Fork Drainage District v. Biggs.

practicable, shall receive their proper and equal benefits as contemplated when the lands were classified. If it be necessary to clear and enlarge any natural or artificial channels lying beyond the boundaries of the district, to obtain a proper outlet, the commissioners shall use the corporate funds for this purpose, and if the necessary privileges cannot be obtained for this by agreement, with the landowners or the commissioners, if the land or lands through 'which such outlet must be made are within another organized district, the commissioners may acquire the same by condemnation under the act for exercising the right of eminent domain; Provided in all such cases if sufficient funds are not on hand, the commissioners shall make a new tax levy.'' The same section further provides that where an upper district enlarges or improves a natural or artificial channel beyond the boundaries of its district, it may collect from the lower landowners or drainage district, such amount as may be considered a fair compensation for the benefit received by the lands below the upper district.

Section 74 of the same act provides, as follows:
''There shall be constructed at least one bridge or proper passage-way over each open drain where the same crosses any enclosed field or parcel of land, and the cost of construction thereof shall be charged as part of the costs of construction of such drain; and such bridge or passage-way shall be maintained by the commissioners from the district funds, provided, the commissioners may contract with owners of land crossed by such drain to maintain such bridges or crossing.''

In Union Drainage District v. O'Reilly, 132 Ill. 631, appellant acquired by condemnation the right to enlarge a natural channel lying without its boundaries and through the enclosed field of appellee, and the judgment of the lower court awarding a peremptory writ of *mandamus* to compel appellant to construct a bridge across such natural channel after its enlargement, was affirmed. In that case the court said:

"When the district condemned the right to enlarge this channel and entered upon the work, it necessarily took the privilege charged with the duty imposed by the statute. And having by their open ditch rendered the channel, which was before passable, wholly impassable, the duty attached, in all respects, to bridge the same, as if it were an open drain or ditch made through enclosed land within the district."

The statute expressly provides that a drainage district may acquire the right to enlarge a natural channel lying without its boundaries, by agreement with the landowner or with another drainage district as well as by condemnation, and we perceive no reason why the like duty to construct a bridge when necessary, should not be imposed upon the dominant district in the one case, as in the other.

True, the natural channel across the land of appellee was within the boundaries of district No. 7, and that district had control and supervision of such channel for all purposes necessary to the proper drainage of the lands lying within its boundaries, and such control and supervision was not relinquished by its agreement with appellants, but by clearing and enlarging such channel, to make it adequate for their purposes, appellants imposed an additional and permanent burden upon appellee, and one for which district No. 7 was not primarily responsible. The work of clearing and enlarging the natural channel was done by appellants for the benefit of their district, and with the right to clear and enlarge the channel attaches the right to enter the channel and maintain it. For these purposes, the channel became, by the agreement, a part of the Lake Fork Special Drainage District, and as the necessity for a bridge across the channel was created by the act of the appellants we think the duty of constructing such bridge should be imposed upon them.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*