THE PEOPLE *ex rel.* Joseph H. Biggs, Defendant in Error, *vs.* THE COMMISSIONERS OF LAKE FORK DRAINAGE DISTRICT, Plaintiffs in Error.

*Opinion filed December 17, 1907.*

DRAINAGE—*when one district must bridge a channel in another district.* Where one drainage district, in consideration of a grant from another district of the right to enter upon the latter's right of way and enlarge a natural channel crossing a farm in the latter's district, agrees to assume any burdens which might be cast upon the latter district in consequence of the enlarging of the channel, the district accepting and acting upon the grant must bear the expense of a farm bridge rendered necessary by the enlarging of the channel, which had previously been passable, for farm purposes, without a bridge.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Piatt county; the Hon. W. G. COCHRAN, Judge, presiding.

This is a petition for *mandamus* filed by defendant in error to compel plaintiffs in error to construct a bridge across the natural channel of a stream, known as the Lake Fork of the Okaw, flowing through the former's land.

The land in question is in Drainage District No. 7, Unity township, Piatt county. Plaintiffs in error are in charge of a district lying above district 7. The commissioners of said last named district had in 1890 secured the right of way one hundred feet wide in said natural channel. March 16,

1905, the commissioners of the two districts entered into an agreement whereby the commissioners of said district 7 granted to those of the Lake Fork district "the privilege to enter upon said right of way  *  *  *  and clear and enlarge the said natural channel" between specified limits. As a part of the consideration for this privilege the commissioners of said Lake Fork district agreed that no benefits should be assessed against district 7, and also agreed that if any further burdens should be cast upon the Lake Fork district in consequence of the cleaning and enlarging of said natural channel, "then said commissioners of the said Lake Fork drainage district hereby agree to fully discharge any such obligations as shall be so cast upon them by the laws of this State."

The petition alleged that defendant in error could farm his land and cross and re-cross said natural channel without trouble and without the necessity of a bridge up to the time the commissioners of said Lake Fork district, in pursuance of said agreement, entered upon said land and cleaned, widened and deepened the natural channel, but that since that time it was impracticable and impossible for the petitioner to farm his land and cross said channel without a bridge, and prayed that a *mandamus* might be issued against the commissioners of said Lake Fork district directing them to build and maintain a suitable and sufficient bridge on his lands across said natural channel or drain. Plaintiffs in error demurred to this petition, and upon the demurrer being overruled the court ordered a peremptory writ of *mandamus* to issue as prayed. From this order an appeal was taken to the Appellate Court, and upon affirmance by that court the case was brought here by writ of error.

REED & REED, and J. L. RAY, for plaintiffs in error.

M. R. DAVIDSON, and W. G. CLOYD, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

Plaintiffs in error insist that the duty to bridge the ditch in question devolved upon the commissioners of district 7 at the time said right of way was obtained in said channel, and that such responsibility did not first arise upon the cleaning, widening and deepening of said channel by plaintiffs in error. In view of the facts of the record we cannot agree with this contention. Under section 74 of the Farm Drainage act, (Hurd's Stat. 1905, p. 824,) when open drains are constructed, bridges shall at certain points be constructed and maintained by the commissioners across such drains. By section 41 of the same act (Hurd's Stat. 1905, p. 810,) commissioners of drainage districts may, for the purpose of an outlet, enlarge any natural or artificial channel lying beyond the boundaries of the district and within another drainage district, by an agreement with the commissioners of the other district or by court proceedings. As set forth in the statement of the case, an agreement was entered into in this instance by the commissioners of the district.

It is manifest from this record that a bridge across this channel on the land of defendant in error was not required previous to the time that said channel was widened, deepened and enlarged, under said agreement, by plaintiffs in error; that before that, defendant in error could farm his land and easily cross said natural channel without a bridge, but that since the work of enlarging said channel it was impossible so to do. In *Union Drainage District* v. *O'Reilly,* 132 Ill. 631, this court held that when a drainage district had condemned a right of way to enlarge a channel outside of the limits of the district, and by opening the ditch had rendered the channel, theretofore passable, wholly impassable, the duty attached to bridge the same. In that case the land crossed was outside of any drainage district, but the principle of law governing in that case must control here. By clearing and enlarging the channel plaintiffs in error first made necessary the construction of the bridge and are pri-

marily responsible therefor. It is therefore just and reasonable to hold that the duty of building and maintaining such bridge or proper passageway on the land of the defendant in error devolved upon the drainage commissioners of the Lake Fork district and can be properly charged as a part of the cost of construction of said improvement, being one of the "further burdens" mentioned in the agreement, cast upon the Lake Fork district.

The evils that counsel for the plaintiffs in error fear will arise in the future from this holding as to the conduct and management of the affairs of the two drainage districts we think are without basis. Under a fair construction of this law the two districts will be able to manage and control the work without serious difficulty. The only question that we have passed upon in this case is the one raised by the pleadings as to building and maintaining the bridge.

Finding no error in the record the judgment of the Appellate Court will be affirmed.     *Judgment affirmed.*