## H. D. Riegel, Appellee, v. Commissioners of the Bankston Special Drainage District in the County of Saline and State of Illinois, Appellants.

1. DRAINAGE, § 94*—*when petition to compel commissioners to construct and replace a bridge over a drainage ditch is sufficient.* A petition to compel drain commissioners to construct and replace a bridge over a drainage ditch on petitioner's premises which alleges that respondent commissioners constructed a drain across the lands of petitioner and that such premises were then and there and still are an "inclosed field or parcel of land," is not demurrable because in the alternative or disjunctive and because it does not state, whether the parcel of land is inclosed or not, since the language is that used in the statute relating to the construction of such bridges (J. & A. ¶ 4552).

2. PLEADING, § 35*—*when sufficient.* As a general rule a pleading is sufficiently definite if in the words of the statute it relies upon.

3. DRAINAGE, § 94*—*when petition to compel commissioners to construct and replace bridge over drainage ditch is sufficient.* A petition of mandamus by a landowner to compel drain commissioners to construct and replace a bridge over a drainage ditch constructed on petitioner's premises which sets forth the facts and in the prayer for relief asks for a writ of mandamus compelling the commissioners to build and construct a suitable "bridge or proper passageway" of sufficient size, strength and capacity to afford a reasonably safe passage across such ditch where it crosses the premises of the petitioner, is sufficient.

4. DRAINAGE, § 94*—*when judgment on petition to compel commissioners to construct and replace bridge over drain proper.* Although two bridges had been previously washed away at a point along the drain through petitioner's land, a judgment, on petition for mandamus to compel drain commissioners to construct and replace a bridge over a drainage ditch on petitioner's premises, was not erroneous because providing for the construction of a suitable bridge or proper passageway and not for the rebuilding and replacing of the last bridge, where it is left to the commissioners to determine the kind of bridge or passageway.

5. DRAINAGE, § 94*—*when petition to compel commissioners to construct and replace bridge over drain is sufficient.* A petition by a property owner to compel drain commissioners to construct and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

replace a bridge over a drain on the petitioner's land is not insufficient because alleging no facts as to what petitioner is using the premises for or whether they are cleared land or wild land, inclosed or uninclosed, or whether they are being used for agricultural purposes or otherwise, where it is alleged that the commissioners constructed a drain across the lands of petitioner and that said premises were then and there and still are "an inclosed field or parcel of land," the words of the statute (J. & A. ¶ 4552).

Appeal from the Circuit Court of Saline county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the March term, 1918. Affirmed. Opinion filed July 16, 1918.

A. G. ABNEY and W. F. SCOTT, for appellants.

S. D. WISE and A. E. SOMERS, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

The appellee, H. D. Riegel, filed a petition to the April term, 1917, of the Saline county Circuit Court to compel appellants, the Commissioners of the Bankston Special Drainage District in said county, to construct and replace a bridge across their ditch on the land of appellee, as provided by section 74 of the Farm Drainage Act (J. & A. ¶ 4552), under which said district is organized and which is as follows: "There shall be constructed at least one bridge or proper passageway over each open drain where the same crosses any inclosed field or parcel of land, and the cost of construction thereof shall be charged as part of the cost of construction of such drain, and such bridge or passageway shall be maintained by the commissioners from the district funds: Provided, the commissioners may contract with owners of land crossed by such drain to maintain such bridges or crossing."

Appellants filed their special and general demurrer to the petition which was overruled by the court. Appellants elected to abide their demurrer and the court entered a judgment of *nihil dicit*, from which the com-

missioners appealed. The petition, after alleging the organization of the drainage district and the ownership by appellee of certain land therein described, alleges that the commissioners constructed a drain across these lands of appellee and "that said premises were then and there and still are an inclosed field or parcel of land." It is insisted by appellants that the quoted averment is bad and subject to demurrer because it is in the alternative or disjunctive and because it does not state whether the parcel of land is inclosed or not. This position seems to us to be without valid foundation. As we interpret the statute, the word "inclosed" is intended to qualify or to be read with the words "parcel of land" as well as the word "field," and the words "parcel of land" are intended as another way of expressing the word "field." The phrase complained of is in the words of the statute, and it is a general rule that a pleading is sufficiently definite if in the words of the statute it relies upon. *County of Rock Island v. Union Printing Co.*, 71 Ill. App. 636.

The petition also alleges that it became the duty of the commissioners to construct at least one bridge or proper passageway over the ditch upon the premises of appellee and to maintain the same from the funds of the district, and the prayer for relief asked for a writ of mandamus commanding the commissioners to build and construct a suitable bridge or proper passageway of sufficient size, strength and capacity to afford a reasonably safe passage across said ditch where the same crossed the premises of the petitioner. It is urged that this allegation and prayer are both insufficient "because they are in the alternative as to whether it should be a bridge or a proper passageway." Under the wording of the statute it does not appear to be the province of the petitioner or landowner to determine whether he shall have a bridge or some other proper passageway, but that it is for the commissioners to determine and to construct whatever

in their opinion is a proper passageway whether it be a bridge or other structure. The statute seems to require the petitioner to set forth the facts and asks the court to compel the commissioners to construct a bridge or proper passageway, and that is what this petition does. The case of *Stroud v. Commissioners of Union Drainage District No. 1,* 157 Ill. App. 427, arose upon a petition very similar to the one at bar and under the same section of the statute. The trial court in that case awarded a writ "commanding the commissioners forthwith to build a suitable bridge or passageway over said ditch of sufficient size, strength and capacity to afford the petitioners a reasonably safe passage across said ditch." The Appellate Court for the Second District, in an opinion affirming that judgment, said: "This order left the precise location of the bridge and its size and its cost to the sound judgment of the commissioners, only requiring that it connect the described lands and be of sufficient capacity to furnish the petitioners with a reasonably safe passage over the ditch, and we are of the opinion that it was proper to leave those matters to the official judgment and discretion of the commissioners." If it is proper for the judgment in a case of this nature to leave it to the discretion of the commissioners whether they build a suitable bridge or passageway and what the size, strength and capacity should be, a petition which asks for a "bridge or proper passageway" is also proper and not subject to demurrer.

The petition alleges that the commissioners had formerly built two bridges across this ditch which had been washed away, the last one in the spring of 1916. It is contended that the judgment should have been to rebuild and replace this last bridge and not to construct a suitable bridge or proper passageway. The contention is more technical than substantial. The kind of bridge or passageway to be constructed was left to the decision of the commissioners, and it was for

them to determine whether the rebuilding or replacing of the old bridge would afford the petitioner a reasonably safe passage across said ditch, and should they so decide this would no doubt be a compliance with the judgment.

It is also contended that the petition alleges no facts as to what the petitioner is using the premises for, or whether they are cleared land or wild land, inclosed or uninclosed, or whether they are being used for agricultural purposes or otherwise. The only requirement of the statute in this respect is that "there shall be constructed at least one bridge or proper passageway over each open drain where the same crosses any inclosed field or parcel of land." The petition contained these words of the statute and was therefore sufficient in that respect. Other objections urged against the petition by appellants are of minor importance and appear to be without merit. The trial court properly overruled the demurrer to the petition and its judgment will be affirmed.

*Affirmed.*