THE PEOPLE *ex rel.* C. H. PAYSON

*v.*

C. W. PAVEY, Auditor, etc.

*Filed at Springfield, June 16, 1894.*

1. INSURANCE COMPANIES—*revocation of license by the auditor—petition for mandamus.* A petition for a *mandamus* to compel the auditor of public accounts to revoke the license of a foreign insurance company, on the ground that such company applied for and obtained the removal of an action against it, brought in a State court upon a claim or cause of action arising out of a business transaction in fact done in this State, to the Circuit Court of the United States, and showing the facts, and the auditor's refusal to revoke such license, is sufficient to entitle the relator to the writ.

2. SAME—*mandamus to revoke license—citizenship of plaintiff.* The statute authorizing the revocation of a license of a non-resident insurance company for removing or attempting to remove an action against it in the State courts to the Federal court, does not require that the plaintiff in the suit in which the removal is had shall be a citizen of this State, and a petition for *mandamus* to revoke such license need not allege the citizenship of such plaintiff.

3. MANDAMUS—*petition takes place of declaration.* A petition for *mandamus,* under our practice, takes the place of a declaration in ordinary actions at law, and it is not necessary or even permissible in such actions to plead mere evidence. Where the petition alleges that certain properly certified copies of an application to remove a cause from a State court to the Federal court, etc., were delivered to the defendant, and a demand made to revoke a license, this will be sufficient as a matter of pleading. The admissibility and sufficiency of the copies will properly arise when offered in evidence.

APPEAL from the Circuit Court of Sangamon County; the Hon. JESSE J. PHILLIPS, Judge, presiding.

Mr. JAMES M. GRAHAM, State's Attorney, Mr. C. H. PAYSON, *pro se,* Messrs. S. B. KING and WARWICK A. SHAW, for the appellants.

Mr. M. T. MOLONEY, Attorney General, and Messrs. PATTON & HAMILTON, of counsel, for the appellee.

Mr. Justice Baker delivered the opinion of the Court:

This is a petition for *mandamus,* filed in the Circuit Court of Sangamon county, to compel C. W. Pavey, as auditor of public accounts, to revoke the license issued to the Home Life Insurance Company of New York.

The petition is, in substance, as follows: The People of the State of Illinois, by James M. Graham, the State's Attorney, in and for the county of Sangamon, and State of Illinois, at the relation of C. H. Payson, of Watseka, in the county of Iroquois, and State of Illinois, complaining, show that the said C. H. Payson is a citizen of the State of Illinois. And the said people, by said Graham, on the relation aforesaid, further show that on the 28th day of June, 1892, W. F. Gorrell began an action of assumpsit in the Circuit Court of Cook county, Illinois, against the Home Life Insurance Company of New York. That the Home Life Insurance Company is an insurance company incorporated by, and organized under, the laws of the State of New York, for the purpose of life insurance. That said company, having complied with the provisions of the statutes of this State, has been granted and is now possessed of a license, duly issued by the auditor of public accounts of this State, to transact its business in this State. That said license was duly issued upon application of said company, under the provisions of the statute regarding and regulating the terms upon which foreign insurance companies may do business in this State, the act being entitled, "An act for the better regulation of the business of insurance, and for the protection of the citizens of this State in their dealings with insurance companies." Approved June 4, 1879. In force July 1, 1879. The said license was issued by said auditor of public accounts prior to the committing of the grievances hereinafter alleged. And further show, "that the said action brought against said Home Life Insurance Company, as aforesaid, was for

and upon a claim and cause of action arising out of the business of said company, and transactions in fact done in this State." That on the 13th day of September, 1892, and while said cause was pending and undetermined in the Cook County Circuit Court, the said Home Life Insurance Company made an application to remove said cause from the said Cook County Circuit Court into the United States Circuit Court in and for the Northern Division of the Northern District of Illinois. That in furtherance of said application to remove said cause, the company also filed a bond with the Cook county circuit clerk, conditioned, as provided by law, for the removal of causes from the courts of this State into the Federal court. That on the 19th day of September, 1892, the Hon. R. W. Clifford, one of the judges of the Circuit Court of Cook county, ordered that said application to remove said cause into the United States Circuit Court be, and the same was, allowed. That on the 13th day of October, 1892, the said W. F. Gorrell caused to be delivered to C. W. Pavey, the defendant, who was then, and still is, the auditor of public accounts of this State, a properly certified copy of said application to remove said cause; a properly certified copy of said bond; a properly certified copy of the order made and entered by the said the Hon. R. W. Clifford, together with a full showing made by affidavits that the claim involved in said suit was based upon, and arose out of, the business of said company and transactions in fact done in this State, and then and there demanded that the defendant, as auditor, at once revoke, cancel and annul the license issued to said company, pursuant to the provisions of the statute in such case made and provided. That the defendant refused, and still refuses, to revoke, cancel and annul said license. The petition prays that a writ of *mandamus* issue, directed to defendant, commanding him forthwith to revoke, cancel and annul said license, etc.

Said petition is duly signed "James M. Graham, State's Attorney for Sangamon Co."; and its contents are verified by the affidavits of the relator attached thereto.

A demurrer to the petition was sustained by the Circuit Court. Upon this appeal, the only error assigned is that the court erred in sustaining said demurrer. The statute (1 Starr & Curtis, p. 1331) upon which this petition is based, provides, in section one, that foreign insurance companies shall procure a license, and prescribes the conditions upon which such license must be procured, as follows: "It shall first file with the auditor of public accounts a written application for a license to do business in this State, duly signed by its president and secretary, with its corporate seal attached, which statement shall contain the following declarations: That it desires to transact the business of insurance in this State; that it will accept a license therefor, according to the laws of this State, and that said license shall cease and terminate in case, and whenever it shall remove, or make application to remove into any United States court, any action or proceeding commenced in any of the State courts of this State, upon any claim or cause of action arising out of any business transaction in fact done in this State." The second section provides, that the auditor of public accounts shall issue the license, etc., and the third is as follows: "If any such incorporated company * * * shall remove, or make application to remove, into any United States court any action or proceeding commenced in any State court of this State, upon a claim or cause of action arising out of any business or transaction in fact done in this State, although there may have been a stipulation authorizing such removal, or if it shall violate or fail to comply with any of the other requirements or conditions imposed by existing law, it is hereby made the imperative duty of the auditor of public accounts at once to revoke, cancel and annul the license issued to such incorporated company * * * *. A certified copy of

the order of removal shall be sufficient evidence of the removal of any cause."

Counsel for appellee contend that the petition is defective in the following particulars:

First.—It does not state that suit was brought upon any claim or cause of action arising out of any business transaction in fact done in this State.

Second.—That it does not state that Gorrell, plaintiff in the action in which the application was made for removal into the United States court, was a resident of this State.

Third.—That neither the legal effect, or copies of the papers served on the auditor asking a revocation of the license, are set out in the petition.

The first objection is fully answered by the petition itself. The petition is made to appear in the abstract, as stating that the suit was upon a cause of action arising *"in part"* in this State, but the record itself shows that the words "in fact" are used therein, and not the words "in part." As shown by the record, the petition is in literal compliance with the statute.

As to the second objection, there is nothing in the statute requiring the plaintiff in the suit, wherein application is made for removal, to be a citizen of this State. It is true, the act is entitled: "An act for the better regulation of the business of insurance, and for the protection of the citizens of this State in their dealings with insurance companies." But the third section, *supra,* applies by its terms to "*any* action or proceeding commenced in any State court of this State," etc. Protection to citizens of this State is in no way affected by making the statute apply to all suits of the designated class, commenced in the State courts of this State, whether such suits are commenced by citizens of this State or citizens of other States. The third objection is also, in our opinion, without force. The petition for *mandamus,* under our practice, takes the place of a declaration in ordinary actions at law. It is never neces-

sary, or even permissible in such actions to plead mere evidence. The allegation here is that properly certified copies of the application to remove the cause, the bond, the order of removal, etc., were delivered to the defendant, and a demand made upon him to revoke the license. This, as a matter of pleading, was all that was necessary. The question of the admissibility and sufficiency of the several certified copies of written instruments, etc., etc., mentioned in the petition, would properly arise on their being offered in evidence, or otherwise, at the trial. None of the objections raised to this petition are tenable, and in our opinion the Circuit Court erred in sustaining the demurrer to it. The judgment is reversed, and the cause remanded for further proceedings in conformity with the views herein expressed.

*Judgment reversed.*

Phillips, J., having heard this case in the Circuit Court, took no part in the decision here.