Hall v. Mann.

---

## Robert Hall v. Robert H. Mann et al.

1.  MANDAMUS—*Since the Act of 1874.*—By the act of 1874 (R. S. Ch. 87, Hurd's Ed. 1899, p. 1136), and by section 10 of the practice act (R. S., Hurd's Ed. 1899, p. 1285), when a petition for a writ of mandamus is filed, it is no longer necessary to set out the cause of action in the writ, but it is sufficient to summon the defendant in the usual form of actions at law to answer the plaintiff in an action of mandamus, and the issues are to be made by his demurring, answering or pleading to the petition as in other cases at law.

2.  PRACTICE—*In Mandamus Cases.*—Since the passage of the act of 1874, the petition in mandamus cases takes the place of the alternative writ under the former practice and becomes the foundation of all subsequent proceedings, and is to be governed by the same rules of pleadings applicable to pleadings in other cases at law.

3.  SAME—*Should the Petition be Sworn to ?*—The court can find no law requiring the petition in an action of mandamus under the act of 1874 and section 10 of the practice act, to be sworn to.    The statute does not require it nor do the rules of practice governing declarations in other cases at law.

4.  PARTIES—*Private Persons as Parties to Actions for Mandamus.* —The weight of American authority favors the doctrine that private persons may prosecute an action for mandamus to enforce a public duty, not due to the government as such, without the intervention of the government law officer.

5.  SAME—*Proceedings by Mandamus to Disconnect Territory.*—The

owner of lands upon the border and within the boundary of an incorporated city or village may prosecute an action for mandamus to enforce the performance by the proper authorities of their duty in the matter of the disconnection of his lands, without the intervention of the people or their law officer, since the performance or non-performance of that duty does not concern the State as such.

**Mandamus**, to disconnect territory. Appeal from the Circuit Court of Cass County; the Hon. THOMAS N. MEHAN, Judge, presiding. Heard in this court at the May term, 1901. Reversed and remanded. Opinion filed September 11, 1901.

R. W. MILLS, attorney for appellant; EDWARD CLIFFORD, of counsel.

F. A. SNYDER, City Attorney, and CHAS. A. GRIDLEY, attorneys for appellees.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

Appellant, as owner, representing a majority of the area of certain land or territory upon the border and within the boundary of the corporate limits of the city of Virginia, in Cass county, Illinois (which land or territory had never been laid out into city lots or blocks), presented his petition to the Circuit Court of said county for a writ of mandamus against appellees, as the mayor and the members of the city council of said city, compelling them to disconnect said land or territory from said city.

The petition averred that appellant had fully complied with the provisions of paragraph 206 of chapter 24 of our statutes (Hurd's Ill. Rev. Statutes 1897, p. 9, 206), to entitle him to have said territory disconnected, and the refusal of appellees to disconnect same, but it was not presented in the name or by the authority of the people of the State, nor was it sworn to. Appellant moved to dismiss it upon the grounds that it was not in the name or by the authority of the people, and that it was not sworn to, and the court sustained the motion, and entered judgment in bar of the action and for costs.

Appellant brings the cause to this court and to effect a

reversal of the judgment, has assigned and argues for error that the court improperly sustained appellees' motion to dismiss the petition, and improperly entered judgment in bar of the action when the petition showed a good cause of action, and was in every respect in proper form.

Counsel for appellees contend that mandamus is regarded by the courts as a prerogative writ, and the petition therefor must be prosecuted in the name and by the authority of the sovereignty by which it has been authorized, and must be sworn to; and that the petition for the writ in the case at bar, not being in the name or by the authority of the people of the State, nor being sworn to, the court properly sustained the motion to dismiss same for both reasons.    While counsel for appellant insists that since the act of 1874, revising the law in relation to mandamus, it has become an action at law, and the petition for the writ takes the place of a declaration in other actions at law, and neither the statute nor the rules applicable to common law actions require that it should be sworn to; and that appellant, by his petition, is merely seeking to compel appellees to perform a public duty, not due to the government as such, but to him as a private person, and therefore he should be permitted to move in the matter without the intervention of the government officer.

We are satisfied that by the act of 1874, mandamus is made an action at law; and that by section 10 of our practice act, when a petition for a writ of mandamus is filed under it, it is no longer necessary to set out the cause of action in the writ, but it is sufficient to summon the defendant therein in the usual form of law actions to answer the plaintiff therein in an action of mandamus, and the issues are required to be made up by the defendant demurring, answering or pleading to the petition as in other law cases. And since the passage of the mandamus act of 1874, and section 10 of the practice act, the petition in cases of mandamus takes the place of the alternative writ under the former practice, becoming the foundation of all subsequent proceedings, and must be governed consequently by the

same rules of pleadings applicable to declarations in other cases.    The People v. Glann, 70 Ill. 232; Dement et al. v. Rokker et al., 126 Ill. 174; The People v. Pavey, 151 Ill. 101; The People v. Crabb, 156 Ill. 155; and Chicago Great Western Ry. Co. v. The People, 179 Ill. 441.

Counsel for appellees have given no reason, nor can we find any, for requiring the petition in an action of mandamus under the statute of 1874, and section 10 of the practice act, to be sworn to, for the statute does not require it, nor do the rules of practice governing declarations in the other law cases.

The weight of American authority favors the doctrine that private persons may move for a mandamus to enforce a public duty not due to the government as such, without the intervention of the government law officer.    Union Pacific Railroad Co. v. Hall et al., 91 U. S. 343, and cases cited; Dement et al. v. Rokker et al., 126 Ill. 174, and Chicago & Alton Railroad Co. v. Suffern et al., 129 Ill. 274.

"The principal reasons urged against the doctrine are, that the writ is prerogative in its nature—a reason which is of no force in this country and no longer in England—and that it exposes a defendant to be harassed with many suits.    An answer to the latter objection is, that granting the writ is discretionary with the court, and it may well be assumed that it will not be unnecessarily granted." Union Pacific Railroad Co. v. Hall et al., *supra*.

And in The People v. Board of Supervisors, 185 Ill. 288, it was expressly held that granting the writ of mandamus is discretionary with the court in this State.

In the case at bar, appellant, by his action of mandamus, merely seeks to compel appellees to disconnect his land from the territorial limits of the city of Virginia, a public duty which appellees, as officers of that city, should perform in his interest, if what he alleges in his petition is true, under the express holding in Young v. Carey, 184 Ill. 613, and we see no reason why he should not be permitted to move for a mandamus to enforce the performance of that duty by appellees without the intervention of the people or their law officer, since the performance or non-performance of that duty does not concern the State as such.

We are of opinion that the petition for the writ in the case at bar, is sufficient to require appellees to demur, answer or plead to same; notwithstanding it is not in the name of the people or by their authority, and is not sworn to; and therefore the Circuit Court erred in sustaining appellees' motion to dismiss same, and in entering a judgment against appellant in bar of the action and for costs; for which errors we will reverse its judgment and remand the case for further proceedings not inconsistent with the views herein expressed.   Reversed and remanded.