## The People of the State of Illinois, ex rel. William H. Rovey, v. John H. Slowman, et al.

1. BILL OF EXCEPTIONS—*when absence of, will preclude review upon appeal.* In the absence of a bill of exceptions showing the propositions of law presented to the court and the exceptions taken by the appellant, a review of the judgment cannot be had.

Mandamus proceeding. Appeal from the Circuit Court of Christian County; the Hon. WILLIAM M. FARMER, Judge, presiding. Heard in this court at the May term, 1904. Affirmed. Opinion filed October 14, 1904.

J. E. HOGAN, for appellant.

JAMES M. TAYLOR, for appellees.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a petition for writ of mandamus upon the relation of William H. Rovey, to compel certain drainage commissioners and highway commissioners in King township, in Christian county, to construct a bridge across a drainage ditch in said township. An answer was filed denying the allegations of the petition. Upon a trial the court refused to award the writ and entered judgment dismissing the petition, to reverse which this appeal is prosecuted.

The only ground for reversal urged is that the trial court erred in its rulings upon the propositions of law submitted. In the record appears what is designated as a certificate of evidence, but which it is presumed was intended for a bill of exceptions at common law, as this is a suit at law and not a chancery proceeding. People v. Weber, 86 Ill. 283; Hall v. Mann, 96 Ill. App. 659. Exceptions made on the trial of a suit at law, to the finding of the court or to the rendition of the judgment, must be preserved in a bill of exceptions, and unless so preserved, they do not become a part of the record and cannot be assigned for error. Martin v. Foulke, 114 Ill. 206; Bailey v. Smith, 168 Ill. 84; R. R. Co. v. People, 190 Ill. 21. All propositions of law ten-

dered to the court as being the law applicable to the case, whether held or refused, must also be preserved in a bill of exceptions to entitle a party to have them considered in a court of review. Ins. Co. v. Peck, 126 Ill. 493; Hughey v. Rokker, 84 App. 473. In the case at bar no propositions of law, nor exceptions to the rulings of the court in holding or refusing to hold the same, have been preserved in the bill of exceptions. Consequently they are not before us for review and no question is presented by the record upon which we can pass.

The judgment must therefore be affirmed.

*Affirmed.*