STATE *ex rel.* KIMBERLITE DIAMOND MINING & WASHING COMPANY *v.* EARLE W. HODGES, SECRETARY OF STATE.

Opinion delivered July 13, 1914.

1. CONSTITUTIONAL LAW—REMOVAL OF CAUSES—DUE PROCESS—FOREIGN CORPORATIONS.—The act of 1907, Act 313, p. 744, providing that the Secretary of State shall revoke the license to do business in this State, of any foreign corporation which shall remove to the Federal court any cause of action brought against it in the State courts is not in violation of the Federal Constitution which provides that "No person shall be deprived of property without due process of law."

2. FOREIGN CORPORATIONS—LICENSE TO DO BUSINESS.—A foreign corporation which was licensed to do business in the State after the passage of Act 313, Acts 1907, which provides for a forfeiture of its license for the removal of a cause from the State to the Federal court, is a part of the condition upon which the corporation took its license, and the revocation of its license for a violation of the statute, is not in violation of art. 12, § 11, of the Constitution of 1874, which provides that as to contracts made or business done in the State, that a foreign corporation shall be subject to the same rights and liabilities as a domestic corporation.

3. FOREIGN CORPORATIONS—RIGHT TO DO BUSINESS IN THE STATE—COMPLIANCE WITH THE LAW.—A foreign corporation which violates the terms of the act under which it is admitted to do business in this State, and after it has failed to comply with the conditions under which it alone is permitted to do business, is not entitled to the protection of the law guaranteed to persons who are conducting their business in compliance with the laws under which they exist, and are permitted to do business.

4. FOREIGN CORPORATIONS—RIGHT TO DO BUSINESS IN THE STATE—REVOCATION OF LICENSE.—A foreign corporation which has violated the provisions of the law under which its license was granted, and which provisions, upon a failure to comply therewith, require the revocation of its license, can not, after such revocation, claim to be a person within the jurisdiction of the State and entitled to the equal protection of the State's laws.

5. FOREIGN CORPORATIONS—RIGHT TO DO BUSINESS—CONTROL OF STATE.—The State has the absolute power to prevent foreign corporations, not engaged in interstate commerce, from doing business therein.

6. CONSTITUTIONAL LAW—CONSTRUCTION OF STATUTES.—In construing a statute all doubts will be resolved in favor of its constitutionality.

7. STATUTES—INVALIDITY—BURDEN OF PROOF.—The burden of proof is upon the party attacking the constitutionality of a statute.

8. PLEADING—DEMURRER.—A demurrer to the answer, tests the sufficiency of both the complaint and answer.

Appeal from Pulaski Circuit Court; *Guy Fulk,* Judge; affirmed.

STATEMENT BY THE COURT.

The plaintiff (appellant here) filed its complaint in the Pulaski Circuit Court, alleging that it was a corporation under the laws of Missouri, and that the defendant (appellee here) was the Secretary of State; that the plaintiff, having complied with the requirements of the statutes to that end, was, on the 26th day of May, 1911, granted a license to do business in Arkansas; that thereupon it established a place of business in Pike County, and began the business which it was authorized to do; that since that time, and prior to October 2, 1913, it had expended more than $35,000 in establishing its business in Arkansas; that it had acquired large and valuable real property and had erected a large mechanical plant or mill in Arkansas; that on the 2d of October, 1913, the Secretary of State arbitrarily and without warrant of law undertook to cancel and revoke its license to do business in Arkansas, by which act it was deprived of the enjoyment, use and benefit of its property in the State, of the right to make and enforce future contracts, and also the benefit of contracts already made by it; that it was subjected to the alternative of suffering the entire suspension of its business in the State, or incurring the harsh and unreasonable penalty of $1,000 per day, for all of which it had no adequate remedy by ordinary procedure; that great prejudice and damage would result to it unless the writ of mandamus was issued compelling the Secretary of State to revoke his act cancelling appellant's license.

The defendant entered his appearance, waived the issuance of the alternative writ and answered, admitting that the plaintiff had been licensed to do business in Arkansas; that it had prosecuted its business in this State and had expended large amounts of money, and had acquired large property interests, as alleged in the complaint. He admitted the cancellation of the license, and set up that the same was done under the provisions of Act No. 313, approved May 13, 1907; that in September, 1913, the plaintiff, having been sued in the Pike County Circuit Court by M. M. Mauney, a citizen of Arkansas, removed the cause to the United States District Court for the Western District of Arkansas against the wish and consent of the said Mauney, and that defendant, as Secretary of State, being so informed, forthwith cancelled and revoked the plaintiff's license to do business in Arkansas.

The act referred to provides, in part, as follows:

"And if any company (foreign corporation) shall, without the consent of the other party to any suit or proceeding brought by or against it in any court of this State, remove said suit or proceeding to any Federal Court, or shall institute any suit or proceeding against any citizen of this State in any Federal Court, it shall be the duty of the Secretary of State to forthwith revoke all authority to such company and its agents to do business in this State and to publish such revocation in some newspaper of general circulation, published in this State; and if such corporation shall thereafter continue to do business in this State, it shall be subject to the penalty of this act for each day it shall continue to do business in this State after such revocation."

The plaintiff demurred to the answer, on the ground that Act No. 313, approved May 13, 1907, p. 744, is void under the Constitution of Arkansas and the Constitution of the United States, and the Fourteenth Amendment thereto. The court overruled the demurrer and entered judgment dismissing the appellant's complaint, and this appeal has been duly prosecuted.

*George B. Webster,* for appellant.

1. The sole question is the constitutionality of the "Wingo Act." The act is unconstitutional, because:

(1) It takes and destroys licenses to do business in this State, which is a property right; (2) it denies to a foreign corporation the protection and equality guaranteed by § 11, art. 12, Constitution State; (3) it denies due process and equal protection of the laws under Amendment 14, Constitution U. S.; (4) it confines or restricts the jurisdiction of the Federal courts in violation of art. 6, U. S. Constitution. See Constitution 1874, art. 2, § 8; 96 U. S. 101, Brannon, Fourteenth Amendment, p. 8, 167 U. S. 417; 157 *Id.* 383, 17 Wall. 438; 167 U. S. 417.

A corporation is a person within the meaning of the due process clause. 164 U. S. 578; 86 Ark. 412; 94 *Id.* 27. Property includes the right to own and dispose of property and to make contracts. 169 U. S. 391; 165 *Id.* 591. A corporate franchise is property. 24 Ark. 96; 50 O. St. 568; 9 Gill & J. (Md.) 366.

Foreign corporations can not be subjected to any different liabilities than those imposed upon domestic corporations. 204 U. S. 113 1. c.; 155 Fed. 797.

2. The equality clause protects corporations as well as natural persons. 169 U. S. 466; 165 *Id.* 154; 118 *Id.* 396; 216 *Id.* 400; 94 Ark. 27; Constitution U. S., art. 6, ¶ 2, and art. 2, § 2; 25 Stat. at Large, 434. States can not restrict or limit the jurisdiction of the Federal courts. 170 U. S. 100; 156 Fed. 15; 171 *Id.* 487; 34 U. S. Sup. Ct. Rep. 333; 218 U. S. 135.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, *J. C. Pinnix* and *W. C. Rodgers,* for appellee.

The act, May 13, 1907, is not unconstitutional. "Due process of law," "equal protection of the law," "confiscation," etc., have been repeatedly construed by our highest courts. 94 U. S. 535; 29 Sup. Ct. Rep. 527; 119 Ky. 321-7; 72 U. S. 475; 123 U. S. 123; 148 *Id.* 657; 18 Wall. 29. The courts hold that a State may impose upon

foreign corporations *as a condition of coming into or doing business* within its borders such terms, conditions and restrictions as it may deem proper, not repugnant to the Constitution or laws of the United States. 94 U. S. 535, and cases *supra.* A mere license is always revocable. *Ib.;* 72 U. S. 475.

The mere fact that some property right may be injured does not change the rule. 123 U. S. 123; 148 *Id.* 657; 18 Wall. 29.

It is provided in the organic law that even the *charters* of *all* corporations may be altered or repealed. Art. 12, § § 6-11, Const.; 58 Ark. 407; 202 U. S. 248. The mere licensing a foreign corporation to do business is not a contract. 203 U. S. 151; 212 *Id.* 322. Our law does not take away the right of removal to a Federal Court, it simply reserves the right to revoke the license. 34 Sup. Ct. Rep. 15-18, 333.

To pursue a statute is due process of law. 81 Ark. 519-544; 62 U. S. 25; 105 *Id.* 470. The State can *exclude* foreign corporations entirely or permit them to enter on terms. Cases *supra.* By accepting the license, the corporation agreed to abide by and obey our laws.

WOOD, J., (after stating the facts). 1. The appellant contends that the part of the act quoted violates that part of the due process clause of the State and Federal Constitutions which provides that "no person shall be deprived of property without due process of law."

The act itself is due process. It does not deprive the appellant of any property right or deny to the appellant the right to be heard in court as to any of its property rights. The act only requires the Secretary of State to revoke the authority of a foreign corporation or company to do business in the State when the facts exist making it his duty to exercise the power conferred upon him to revoke. If he exercises or attempts to exercise this power in the absence of the actual existence of the facts authorizing him to do so, his acts would be void and would not affect the authority of the foreign corporation to do business in the State. Such corporations could ignore

all such unauthorized acts on his part, and the courts would be open to them to restrain him from any threatened revocation or to annul as void any pretended revocation that he might make that was not based upon the existence of facts calling for the exercise of the authority. The act, therefore, does not deprive any foreign corporation of an opportunity to be heard concerning any right of property, and is not violative of the due process clause.

The demurrer admitted the existence of the facts alleged in the answer which made it the duty of the appellee, under the statute, to revoke appellant's license. Therefore, if it be conceded that appellant's license to do business is in the nature of a property right, if the statute is otherwise valid, appellee was authorized and required by it to revoke appellant's license to do business in this State, and in doing so has not deprived the appellant of any right of property without due process of law.

2.   Section 11, article 12, of the Constitution of Arkansas, provides that foreign corporations "as to contracts made or business done in this State shall be subject to the same regulations, limitations and liabilities as like corporations of this State."

This provision of the Constitution has reference, of course, to foreign corporations who have been licensed to do business, and who are making their contracts and conducting their business in pursuance of this license. In other words, to foreign corporations who are properly within the State in pursuance of its laws, and who have not forfeited their right to do business in the State by a violation of the law under which they were admitted. When a foreign corporation has ignored or violated the conditions of the act under which it is admitted, and under which it is permitted to conduct any business in the State, and for which violation its license is required to be forfeited under the statute, then such corporation in the sense of the above provision can not thereafter be said to be doing business and making contracts within the State, and is not within the protection afforded by the above provision to foreign corporations who have been

admitted and who are conducting their business according
to the requirements of the statute under which they were
admitted.   In other words, a foreign corporation which
has violated the provisions of the statute prescribed as
conditions upon which it has been permitted to enter the
State and to conduct its business is not in an attitude to
set up the unconstitutionality of the very law upon which
is based the only right it has to be in the State at all.

The appellant was licensed to do business in the
State after the passage of the act under consideration and
the provisions of the act must be treated as a part of its
license.   Appellant took its license subject to the condi-
tions which the statute imposes upon it.   It accepted the
license burdened with the concomitant conditions upon
which a forfeiture of the same should be declared, and,
having confessedly violated those conditions, will not be
permitted to say, "that part of the act which granted me
the license to enter the State is valid, but that part which
imposes conditions, which I accepted, is unconstitutional
and void."

In *American Smelting Co.* v. *Colorado,* 204 U. S. 103-
111, it is said: "Undoubtedly, if the corporation violated
the laws of the State properly applicable to it, or if other-
wise, it gave just cause for its expulsion, it could not in-
sist upon such a contract as a defense."

Moreover, if the appellant could be considered a for-
eign corporation doing business in the State after it had
violated the conditions of the act under which it was ad-
mitted, and after the revocation of its license, neverthe-
less, that act is not in conflict with the provisions of the
Constitution under discussion, for it will be observed that
the same "regulations, limitations and liabilities" therein
mentioned relate to "contracts made or business done."
The institution of a suit or the removal thereof is neither
the making of a contract nor the doing of business.   See,
*Alley* v. *Bowen-Merrill Co.,* 76 Ark. 4.

The act therefore did not prescribe any regulations,
limitations and liabilities "as to contracts made or busi-
ness done" by foreign corporations in this State.   The

constitutional provision, therefore, does not inhibit the enactment of a law prescribing regulations for instituting suits, or removing the same when instituted against them, applicable to foreign, but not to domestic, corporations.

3.   Learned counsel for appellant insists that the act violates the equality clause of the Constitution, which provides, in part, "that no State shall make or enforce any law which shall deny to any person within its jurisdiction the equal protection of the laws."

A foreign corporation can not claim the benefit of the above provision after it has failed to comply with the conditions prescribed by the act under which it was admitted into the State, and under which it is permitted to do business.   Such foreign corporation, when it violates the terms of the act under which it is admitted, and after it has failed to comply with the conditions under which it alone is permitted to do business, is no longer entitled to the protection of the law guaranteed to persons who are conducting their business in compliance with the laws under which they exist and are permitted to do business.   A foreign corporation which has violated the provisions of the law under which its license was granted, and which provisions, upon a failure to comply therewith, require the revocation of its license, can not, after such revocation, claim to be a person within the jurisdiction of the State, and entitled to the equal protection of her laws.

4.   It is last contended by the learned counsel for appellant that the right of removal of a cause granted under the acts of Congress in pursuance to the provisions of the Constitution conferring judicial power, is a right vested in and to be enjoyed by every corporation, "anything in the Constitution and laws of any State to the contrary notwithstanding," and that the provisions of the act in question in regard to the removal of causes are violative of the Constitution of the United States, and the laws concerning the removal of causes passed in pursuance thereof.

The basic and fatal error of this contention is that it fails to recognize that the State has the absolute power

to prevent foreign corporations not engaged in interstate commerce from doing business therein. It may exclude them entirely or it may permit them to come in under any terms which it sees proper to prescribe. Section 11 of article 12 of our Constitution provides as follows: ''Foreign corporations may be authorized to do business in this State under such limitations and restrictions as may be prescribed by law.''

The provisions of the act under review, in regard to the institution and the removal of suits, are conditions upon which appellant was licensed to do business in the State, and upon a failure to comply with these conditions, appellant's license was revoked and appellant thereby excluded from doing business in the State.

Chief Justice White, in his concurring opinion in *Pullman Co.* v. *Kansas,* 216 U. S. 56-65, speaking of the State's power to exclude foreign corporations, says: ''In cases where this power is absolute, the States may affix to the privilege such conditions as are deemed proper, or, without giving a reason, may arbitrarily forbid such corporation from coming in. When, therefore, in a case where the absolute power to exclude obtains, a condition is affixed to the right to come into the State and a foreign corporation avails of such right, it may not assail the constitutionality of the condition because, by accepting the privilege, it has voluntarily consented to be bound by the condition. In other words, in such case the absolute power of the State is the determining factor, and the validity of the condition is immaterial.'' And he quotes from *Horn Silver Mining Co.* v. *New York,* 143 U. S. 305, as follows: ''Having the absolute power of excluding the foreign corporation, the State may, of course, interpose such conditions upon permitting the corporation to do business within its limits as it may judge expedient.'' And, further, ''This doctrine has been so frequently declared by this court that it must be deemed no longer a matter of discussion, if any question can ever be considered at rest.'' .

The Chief Justice then says: "In addition, the following cases, either directly, expressly, or by fair implication, must be taken as sustaining the right of the State, where it has the absolute power to exclude, to affix whatever condition it deems proper to the right of a foreign corporation to come in and the consequent inability of such corporation, after accepting the privilege, to assail the constitutionalitiy of the condition." And he cites: *Paul* v. *Virginia,* 8 Wall. 168; *Postal Telegraph Co.* v. *Charleston,* 153 U. S. 692; *Hooper* v. *California,* 155 U. S. 648; *Waters-Pierce Oil Co.* v. *Texas,* 177 U. S. 28; *Pullman Company* v. *Adams,* 189 U. S. 420; *Allen* v. *Pullman Company,* 191 U. S. 171; *Security Mutual Ins. Co.* v. *Prewitt,* 202 U. S. 246; *National Council* v. *State Council,* 203 U. S. 151.

In *Security Mutual Ins. Co.* v. *Prewitt, supra,* the court had under consideration an act containing the same provisions as the act now called in question. Indeed, the present act, in this respect, was copied from the Kentucky statute. The court, in that case, concludes its opinion as follows: "The mere enactment of a statute which, in substance, says, 'If you choose to exercise your right to remove a cause into a Federal court, your right to further do business within the State shall cease, and your permit shall be withdrawn,' is not open to constitutional objection."

In *Doyle* v. *Continental Ins. Co.,* 94 U. S. 535, the court had under consideration a statute of Wisconsin which declared "that if a foreign insurance company shall remove any cause from its State court into the Federal court contrary to the provisions of the act of 1870, it shall be the duty of the Secretary of State to cancel its license to do business within the State." The court said: "The effect of our decision in this respect is that the State may compel the foreign company to abstain from the Federal courts or to cease to do business in the State. It gives the company the option. This is justifiable, because the complainant has no constitutional right to do business in that State. That State has the authority

at any time to declare that it shall not transact business there. This is the whole point of the case, and, without reference to the injustice, the prejudice, or the wrong that is alleged to exist, must determine the question. No right of the complainant under the laws or Constitution of the United States, by its exclusion from the State, is infringed; and this is what the State now accomplishes. There is nothing, therefore, that will justify the interference of this court.''

As we understand, from a somewhat exhaustive examination of the decisions of the Supreme Court of the United States, there are at least two lines of cases where statutes similar to the one in question have been reviewed and passed upon by that court. In cases where the foreign corporation has been admitted to do business in the State upon conditions, such as are prescribed in the statute under consideration, and where such corporation is engaged in business that is purely local or intrastate, if the corporation violates the conditions under which it is permitted to come into the State and to do business therein, its license may be revoked and the State may thus exclude such corporation from doing business of a purely local character within its borders. These cases hold that a State may impose upon a foreign corporation as a condition of coming into and doing business within its territory any conditions it may see proper, provided they are not repugnant to the Constitution and laws of the United States, and that conditions such as are prescribed by the present act are not repugnant to the Constitution or laws of the United States. The cases holding this view are *Security Mutual Ins. Co.* v. *Prewitt, supra, Doyle* v. *Insurance Co., supra,* and others.

Other cases hold that where the foreign corporation has been admitted and permitted to do business in the State, if such corporation, although transacting a local business, is also engaged in interstate commerce of the character mentioned therein the license of such corporation can not be revoked upon conditions such as those prescribed in the act.

The latter cases hold that such provisions as those prescribed in the act are repugnant and contrary to the Constitution of the United States and the laws made thereunder, and that as to corporations doing an interstate business, they attempt to restrain and penalize the assertion of a Federal right. Such are the cases of *Harrison, Secretary of State of Oklahoma,* v. *St. Louis & S. F. Rd. Co.,* 232 U. S. 318; *Herndon* v. *Chicago, R. I. & P. Ry. Co.,* 218 U. S. 135; *Western Union Tel. Co.* v. *Kansas,* 216 U. S. 1, and other cases referred to in those.

The cases last mentioned note the distinction between them and the *Doyle* and *Prewitt* cases, *supra.* For instance, in *Harrison* v. *St. Louis & S. F. Rd. Co., supra,* Chief Justice White, speaking of the *Doyle* and *Prewitt* cases, said: ''Those cases involved State legislation as to a subject over which there was complete State authority, that is, the exclusion from the State of a corporation which was so organized that it had no authority to do anything but a purely intrastate business, and the decisions rested upon the want of power to deprive a State of its rights to deal with a subject which was in its complete control, even though an unlawful motive might have impelled the State to exert its lawful power.''

And in *Herndon* v. *Chicago, R. I. & P. Ry. Co., supra* it is said: ''Moreover, this is not a case where the State has undertaken to prevent the coming of the corporation into its borders for the purpose of carrying on business. The corporation was within the State, complying with its laws, and had acquired, under the sanction of the State, a large amount of property within its borders, and thus had become a person within the State within the meaning of the Constitution, and entitled to its protection.''

While the cases of *Doyle* v. *Insurance Co.* and *Security Co.* v. *Prewitt, supra,* are confined and limited to an extremely narrow scope, yet they are clearly distinguished from the later cases referred to, and certainly have not been overruled by them. The case we have in

hand comes strictly within the narrow limits of the *Prewitt* case, *supra.*

In construing the statute, of course, familiar rules must be observed. All doubts are resolved in favor of its constitutionality. Appellant having made the attack upon it, has the burden to show its invalidity. The demurrer to the answer tests also the sufficiency of the complaint. There is no allegation in the pleadings that would authorize the inference that appellant was doing any other than a purely intrastate business. There is no allegation to the effect that it was engaged in interstate commerce or doing an interstate business. The complaint therefore fails to state a cause of action, and the judgment of the circuit court dismissing the same and denying the appellant the relief sought is correct, and it is affirmed.