(No. 24292.—

THE PEOPLE *ex rel.* Gertrude Hakanson, Appellant, vs. ERNEST PALMER, Director of Insurance, Appellee.

*Opinion filed December 17, 1937.*

FREDERICK J. BERTRAM, for appellant.

OTTO KERNER, Attorney General, (WILLIAM C. CLAUSEN, and JOHN B. HARRIS, of counsel,) for appellee.

HOYNE, O'CONNOR & RUBINKAM, and WILLIAM MARSHALL BULLITT, for the Metropolitan Life Insurance Company, *amicus curiæ.*

Mr. JUSTICE WILSON delivered the opinion of the court:

The People of the State of Illinois on the relation of Gertrude Hakanson, filed a petition for a writ of *mandamus* in the superior court of Cook county against Ernest Palmer, as Director of Insurance of the State, to compel him to revoke the license of the Metropolitan Life Insurance Company, a New York Corporation, conformably to the command of section 3 of the act entitled, "An act for the better regulation of the business of insurance, and for the protec-

tion of the citizens of this State in their dealings with insurance companies," approved June 4 and in force July 1, 1879. (Smith-Hurd Stat. 1935, p. 1819.) Section 1 of the statute, so far as it is pertinent to this inquiry, renders it unlawful for a foreign insurance company to transact business in this State without filing with the Department of Insurance a written application for a license to do business in Illinois which shall contain declarations: "that it will accept a license therefor according to the laws of this State, and that said license shall cease and terminate in case, and whenever it shall remove or make application to remove into any United States court, any action or proceeding commenced in any of the State courts of this State, upon any claim or cause of action arising out of any business transaction, in fact, done in this State." The third section provides in part, as follows: "If any such incorporated company * * * shall remove, or make application to remove into any United States court any action or proceeding commenced in any State court of this State upon a claim or cause of action arising out of any business, or transaction in fact done in this State * * * it is hereby made the imperative duty of the Auditor of Public Accounts [now the Director of the Department of Insurance] at once to revoke, cancel and annul the license issued to such incorporated company. * * * A certified copy of the order of removal shall be sufficient evidence of the removal of any cause." The respondent (appellee here) interposed a motion to dismiss the petition on the ground, among others, that section 3 is invalid. His motion was sustained, and the petition was dismissed. From that judgment, the relatrix prosecutes this appeal.

The relatrix, by her petition, charged that on May 14, 1930, the insurance company, previously licensed to do business in this State pursuant to the Insurance act of 1879, issued an accident insurance policy upon the life of her husband, Nels Hakanson; that on June 9, 1935, while the

policy was in full force, the insured accidentally met his death; that she, the sole beneficiary, thereupon claimed the benefit of the policy and demanded payment in the sum of $5000 under its provisions; that the company refused to pay, disclaiming liability; that on April 1, 1936, she filed a complaint in the circuit court of Cook county against the insurer on the policy, and that, thereafter, on April 29, 1936, the company caused the action to be removed from the State court into the United States district court for the Northern District of Illinois, Eastern Division, where the case is now pending. By appropriate allegations relatrix charged that the action of the insurer in this regard violated its agreement contained in its license to do business in Illinois, and that, by reason of the removal, the company had forfeited its right to a license and the privilege of transacting business in this State as a foreign insurance corporation. On June 4, 1936, relatrix notified the Department of Insurance and its director, the respondent, of the removal of her case by the insurance company to the Federal court, delivered to the latter a certified copy of the order of removal, and demanded that he, in conformity with the applicable statute, rescind the license of the company to engage in the insurance business in Illinois. This, the respondent refused to do. Relatrix then instituted the present proceeding on October 23, 1936, and the judgment she now assails was rendered March 20, 1937.

To sustain the judgment respondent makes the contention, among others, that the Insurance act of June 4, 1879, in so far as it relates to the cancelation of license of a foreign life insurance corporation because of its removal of a case to a Federal court, contravenes section 2 of article 3, the judiciary article, of the Federal constitution, and also the equal protection of the laws provision of the fourteenth amendment. The precise issue presented has been determined adversely to relatrix. (*Terral* v. *Burke Construction Co.* 257 U. S. 529.) In the case cited, a construction

company, a Missouri corporation, brought suit against Terral, Secretary of State of Arkansas, alleging, among other things, that it had been licensed to do business in Arkansas; that it had removed a suit instituted against it to the Federal court of Arkansas, and that the Secretary of State, acting under a State statute enacted in 1907 was threatening to revoke its license because of the removal. A Federal court enjoined the State officer from canceling the complainant's license, and, upon review, the United States Supreme Court affirmed the decree. The pertinent portion of the Arkansas act, similar to section 3 of the Insurance act in controversy, provided: "If any company shall, without the consent of the other party to any suit or proceeding brought by or against it in any court of this State, remove said suit or proceeding to any Federal court, or shall institute any suit or proceeding against any citizen of this State in any Federal court, it shall be the duty of the Secretary of State to forthwith revoke all authority to such company and its agents to do business in this State." In pronouncing the quoted provision of the Arkansas law void, the court said: "The sole question presented on the record is whether a State law is unconstitutional which revokes a license to a foreign corporation to do business within the State because, while doing only a domestic business in the State, it resorts to the Federal court sitting in the State. The cases in this court in which the conflict between the power of a State to exclude a foreign corporation from doing business within its borders, and the Federal constitutional right of such foreign corporation to resort to the Federal courts has been considered, can not be reconciled. [Citing cases.] The principle established by the more recent decisions of this court is that a State may not, in imposing conditions upon the privilege of a foreign corporation's doing business in the State, exact from it a waiver of the exercise of its constitutional right to resort to the Federal courts, or thereafter withdraw the privilege of doing business because of

its exercise of such right, whether waived in advance or not. The principle does not depend for its application on the character of the business the corporation does, whether State or interstate, although that has been suggested as a distinction in some cases. It rests on the ground that the Federal constitution confers upon citizens of one State the right to resort to Federal courts in another, that State action, whether legislative or executive, necessarily calculated to curtail the free exercise of the right thus secured is void because the sovereign power of a State in excluding foreign corporations, as in the exercise of all others of its sovereign powers, is subject to the limitations of the supreme fundamental law."

In the recent case of *Mortensen* v. *Security Ins. Co.* 289 U. S. 702, the United States Supreme Court, in a *per curiam* memorandum opinion, held a Wisconsin statute unconstitutional on the authority of five enumerated cases including *Terral* v. *Burke Construction Co. supra.*

The relatrix places reliance, however, upon such cases as *Security Mutual Life Ins. Co.* v. *Prewitt,* 202 U. S. 246; *Doyle* v. *Continental Ins. Co.* 94 id. 535; *State* v. *Hodges,* 114 Ark. 155, and *People* v. *Pavey,* 151 Ill. 101. It suffices to observe that in the *Terral case* the *Prewitt* and *Doyle cases* were expressly overruled. *State* v. *Hodges* is based largely upon the *Prewitt* and *Doyle cases.* It necessarily follows that *State* v. *Hodges,* likewise, has, in effect, been overruled. (21 A. L. R. p. 193.) *People* v. *Pavey, supra,* came before this court on facts similar to those charged in the present case. Although no constitutional issue was decided, the court did hold that under section 3 of the Insurance act of June 4, 1879, the license of a foreign insurance company could be revoked for removing an action to a Federal court. In the light of the decision of the Supreme Court of the United States in the *Terral case, supra, People* v. *Pavey, supra,* cannot stand and is expressly overruled.

518

The decision in *Terral* v. *Burke Construction Co. supra,* has removed the subject from the domain of legal controversy. The Insurance act of June 4, 1879, to the extent it demands the cancelation of a license to a foreign insurance company, previously qualified to do business in this State, merely because the company removes or attempts to remove to a Federal court, sitting in Illinois, a suit brought against it in a State court, contravenes the provisions of the Federal constitution invoked by respondent. We observe, in this connection, that section 453 of the new Insurance Code, (Ill. Rev. Stat. 1937, p. 1877,) effective July 1, 1937, expressly repeals the act of June 4, 1879, and that sections 109 and 111, (Ill. Rev. Stat. 1937, pp. 1815, 16,) prescribing qualifications of a foreign insurance company to do business in Illinois do not contain provisions the same as or analogous to those in sections 1 and 3 of the former act vulnerable to constitutional objections.

The judgment of the superior court is affirmed.

*Judgment affirmed.*